## PERRY v. BANK OF SMITHFIELD.

(Filed October 7, 1902.)

1. BANKS AND BANKING—*Checks*—*Deposits*.

   An action can not be sustained against a bank by the payee of a negotiable check, though the drawer has funds on deposit sufficient for its payment against which the bank has no claim.

2. BANKS AND BANKING—*Checks*—*Deposits*.

   The giving of a check upon a bank is not, unless it is accepted, an assignment of the claim of the depositor, and passes no title, legal or equitable, to his moneys on deposit in such bank.

DOUGLAS, J., dissenting.

ACTION by J. W. Perry against the Bank of Smithfield, heard by Judge *W. S. O'B. Robinson* and a jury, at December Term, 1901, of the Superior Court of JOHNSTON County. From a judgment for the plaintiff, the defendant appealed.

*Jas. H. Pou,* and *Allen & Dortch,* for the plaintiff.
*F. H. Busbee,* and *T. M. Argo,* for the defendant.

CLARK, J. On 4 October, 1900, the plaintiff sold to one Hudson 43 bales of cotton for cash $2,064, and took his check therefor on defendant bank. On presentation of check 6 October, payment was refused, the amount to the credit of the drawer being then only $630. Hudson, after the purchase of the 43 bales from the plaintiff, sold 23 bales thereof and 27

bales bought from another party to the Roxboro Mills, for
$2,436, and drew his draft on them for said amount, which
he deposited in said bank to his credit, with bill of lading
.for said 50 bales attached.' The other 20 bales bought of
plaintiff were returned to him by Hudson, after payment of
his check had been refused by the bank, and the plaintiff
seeks in this action to recover of the bank only $1,127, bal-
ance due him by Hudson.

His Honor correctly instructed the jury that, applying the
rule "the first money in, the first money out" (*Boyden v.
Bank,* 65 N. C., 13), the credit on the bank's book, 6 October,
1900, was part of the proceeds of the cotton bought by Hud-
son and resold by him to the Roxboro Cotton Mills. But the
bank did not induce the plaintiff to part with his cotton, as in
*Smith v. Young,* 109 N. C., 224. It took the drafts on Rox-
boro Cotton Mills without knowledge, as appears by plain-
tiff's evidence, that the cotton had been bought upon an agree-
ment to' pay cash. · If there was fraud, the bank was not a
party to it. When the draft on the Roxboro Mills was deliv-
ered to the bank, the value thereof was placed to Hudson's
credit in the ordinary course of business, and all of said
credit was paid out on Hudson's check save $630, before the
bank had notice that Hudson had not paid Perry for the
cotton.

The plaintiff has no claim upon the bank by reason of
the check drawn on it by Hudson, which it has never accepted
or agreed to pay (*Bank v. Bank,* 118 N. C., 783, 54 Am. St.
Rep., 753, 32 L. R. A., 712), even though there should be
standing to the credit of the drawer on the books of the bank
a sum more than sufficient to meet the check. *Railroad v.
Bank,* 54 Ohio St., 60; 31 L. R. A., 653; 56 Am. St. Rep.,
700, in which the conflicting authorities are cited. The fol-
lowing quoted therefrom, we think, states the law correctly,
and certainly accords with our own decision *supra* (118 N.

C., 783; 32 L. R. A., 712; 54 Am. St. Rep., 753): "Deposits become the absolute property of the bank, impressed with no trust, and the bank's right to use the money for its own benefit is immediate and continuous, which right constitutes the consideration for the bank's promise to the depositor. The bank's agreement with the depositor involves or implies no agreement with the holder of a check. The giving of a check is not an assignment of so much of the creditor's claim. It passes no title, legal or equitable, to the holder in the moneys previously deposited, nor does it create a lien on the fund, for there is no special fund out of which the check can be paid, nor does it transfer any money to the credit of the holder. It is simply an order which may be countermanded and payment forbidden any time before it is actually cashed or accepted. If accepted, then the agreement is to pay according to the terms of the check or acceptance; but until then, the payee looks exclusively to the drawer. He can maintain no action against the bank, for the bank owes to the payee no legal duty, and an action at law can not be maintained unless there is shown to have been a failure of legal duty. Being liable to the drawer to account with him for failure to honor his check, the bank can not, on either legal or equitable considerations, be held at the same time liable to the holder of the check. Tested by these rules, the plaintiff can have no cause of action against the bank." To same effect, *Bank v. Millard*, 77 U. S., 152.

It was the plaintiff's own fault that he took an order on another party, a check on the bank, instead of requiring the cash. The credit was extended to Hudson, not to the bank. The $630 to the credit of Hudson when the check was presented was not a special fund, nor, in fact, any fund which could be followed. It was simply an indebtedness from Hudson to the bank, which the latter could discharge by paying subsequently other checks, or by charging up to Hudson

any indebtedness it held against him.   If it did neither, it would remain an indebtedness for which Hudson could bring action, but not the plaintiff.   It would seriously impair the usefulness of banks which are accustomed to credit to a depositor any proceeds of drafts with bill of lading attached, if, whenever it turns out that the depositor has not paid in full for the property bought by him, the seller can hold the bank responsible for the balance of the purchase-money, which is a matter between seller and buyer, and which can not concern the bank when the seller has turned over the property to the depositor.   If the title is defective, that concerns the party in receipt of the cotton, and not the bank.   *Finch v. Gregg,* 126 N. C., 176; 49 L. R. A., 679, and *Bank v. Davis,* 114 N. C., 343; 41 Am. St. Rep., 795, relied on by the plaintiff, have no application to the facts of this case.

In the instructions given, that the plaintiff could reclaim the property or the proceeds thereof in the hands of the defendant bank, there was

Error.

Douglas, J., dissents.