I. P. GRAHAM, RECEIVER OF BANK OF PROCTORVILLE, v. PROCTORVILLE WAREHOUSE AND J. R. LAWSON.

(Filed 22 April, 1925.)

**1. Banks and Banking—Bills and Notes—Deposits—Debtor and Creditor.**

A bank is debtor to its depositor to the amount of the deposit, and when a note of the depositor to the bank becomes due, to the amount of the note the depositor becomes a debtor to the bank, and in this relationship the bank may credit the note in whole or in part, as the case may be, with the amount of the deposit.

**2. Same—Deposits for Collection—Payment.**

Where a bank has received a valid check of its depositor through a correspondent bank, and sends it with other items for payment against its reserve account in another bank, and the check of its depositor remains unpaid at the time the payee bank thereof goes into a receiver's hands still owing its depositor a certain balance, and holding a past due note of his likewise, the double relationship of debtor and creditor exists in the receiver's action upon the note, and the depositor is entitled to a credit to the extent of his deposit; and, *Held further,* the fact that the payee bank marked the depositor's check paid, returned it to him and had this transaction entered regularly upon its books, cannot vary the fact that the check had not been paid or affect the result.

**3. Same—Subrogation.**

Where a depositor in a bank has drawn a check thereon to a third person, and by reason of the afterward insolvency and receivership of the payee bank the check remains unpaid in the hands of a bank that has received it in the course of collection, by paying the check so held the depositor is subrogated to the rights of the bank thus holding the check in an action thereon brought against him, by the receiver of the payee bank.

VARSER, J., did not sit.

APPEAL by defendant, J. R. Lawson, from judgment rendered, upon an agreed statement of facts, by *Calvert, J.,* at December Term, 1924, of ROBESON.

Plaintiff is the owner of a note, dated 28 November, 1922, executed by J. R. Lawson, payable to Proctorville Warehouse Company, for $542.62, upon which the sum of $48.43 was paid on 21 December, 1923.

This action was begun on 2 February, 1924, to recover of defendants the amount due on said note. On 2 January, 1923, the Bank of Proctorville was adjudged insolvent and plaintiff was duly appointed receiver. A few days prior to said date, J. R. Lawson had on deposit in said bank the sum of $219.60. He drew his check against said deposit in favor of A. Weinstein of Lumberton, N. C., who at once endorsed and deposited the same to his credit in a bank at Lumberton. Said check was forwarded by the Bank of Lumberton to the American Exchange National Bank of Greensboro, along with other checks, for collection in the usual course, and was thereafter forwarded by the said American Exchange National Bank to Bank of Proctorville for collection. The Bank of Proctorville, upon receiving said check, marked same "Paid" and charged the amount thereof to the account of J. R. Lawson and thereafter returned the same with his monthly bank statement to the said Lawson. On the same day that the check was thus marked "Paid" and charged to the account of the said Lawson, the Bank of Proctorville drew its check upon its reserve account in a bank at Wilmington, N. C., in favor of the said American Exchange National Bank covering the amount of the said Lawson check and other items received for collection. The said check was thereupon forwarded to the American Exchange National Bank at Greensboro, N. C. Before this check could be presented to the bank at Wilmington on which it was drawn for payment, the Bank of Proctorville had closed its business and plaintiff had been appointed receiver. This check, including the amount of the Lawson check, has not been paid, but is now held by the American Exchange National Bank of Greensboro.

The American Exchange National Bank has charged the amount of the Lawson check to the bank at Lumberton and the bank at Lumberton has in turn charged the same to the account of A. Weinstein. J. R. Lawson has paid to Weinstein by another check on another bank the indebtedness for which he drew his check on the Bank of Proctorville. Defendant, Lawson, contends that plaintiff, as receiver of the Bank of Proctorville, is now indebted to him in the sum of $219.60, and pleads same as a counterclaim, *pro tanto,* to the note upon which this action was brought. The plaintiff contends that the Bank of Proctorville having paid Lawson's check to Weinstein, by including the amount thereof in the check forwarded to the American Exchange National Bank, he is not indebted to Lawson in said sum, and that Lawson is not, therefore, entitled to the counterclaim as pleaded by him.

The Court being of the opinion that upon the statement of agreed facts, defendant Lawson was not entitled to the counterclaim, rendered judgment that plaintiff recover of the said defendants the sum of

$542.62 with interest thereon from 28 November, 1922, subject to a credit of $48.32 as of 21 December, 1923. To this judgment defendant Lawson excepted and appealed therefrom to the Supreme Court.

*McIntyre, Lawrence & Proctor for plaintiff.*
*McLean & Stacy for defendant.*

CONNOR, J. Prior to the adjudication that it was insolvent and to the appointment of plaintiff as its receiver, the Bank of Proctorville had on deposit to the credit of J. R. Lawson and subject to his check the sum of $219.60. The relation of debtor and creditor existed between the said Lawson and the said bank by reason of said deposit. *Reid v. Bank,* 159 N. C., 99; *Boyden v. Bank,* 65 N. C., 13. The Bank of Proctorville also held the note executed by J. R. Lawson, payable to Proctorville Warehouse Company, and transferred by endorsement to the bank. The bank was a creditor of said Lawson by virtue of said note. Both the indebtedness of Lawson to the bank by virtue of the note and the indebtedness of the bank to Lawson by virtue of the deposit arose out of contract. Each had a cause of action against the other, arising out of contract and existing at the commencement of this action, unless the indebtedness of the bank to Lawson had been paid prior to appointment of plaintiff as receiver; if not, each was entitled to a counterclaim against the cause of action of the other. C. S., 521, sec. 2; 14 R. C. L., 655, and cases cited.

The bank had the right to apply the deposit as a payment, *pro tanto,* on the note after same became due; *Hodgin v. Bank,* 124 N. C., 540; *Moore v. Bank,* 173 N. C., 180; *Moore v. Trust Co.,* 178 N. C., 128; *Trust Co. v. Trust Co.,* 188 N. C., 766; and so, defendant Lawson had the right to have any sum due him by the bank at the date of its insolvency applied as a payment on his note held by the bank; *Davis v. Mfg. Co.,* 114 N. C., 321. In his opinion in this last cited case, *Justice Burwell* says: "We declare that, in our opinion, equity and justice require that the receiver, when he comes to make a settlement with one who is a creditor of the bank, shall deduct from his credit all those sums for which he is debtor, and when he settles with a debtor to the bank he shall allow him credit for all sums for which he is a creditor of the bank."

Plaintiff contends, however, that the amount due by the bank to Lawson, by reason of said deposit, upon the facts agreed, has been paid, and that the relation of debtor and creditor between the bank and Lawson did not exist at the commencement of this action. Lawson contends that upon the agreed facts the amount has not been paid, but was and still is due him by the bank.

When Lawson's check for $219.60, the amount of the deposit, payable to A. Weinstein, was presented for payment by the American Exchange National Bank of Greensboro to the Bank of Proctorville a few days before it became insolvent, and while it was open for the transaction of its usual business, it was the duty of the Bank of Proctorville, by virtue of its contract with Lawson, its depositor, to accept the check and pay the amount for which it was drawn to the payee or endorsee. Prior to acceptance it owed no duty to the payee or endorsee of said check; *Perry v. Bank,* 131 N. C., 118. It accepted the check, however, and undertook to pay the same by sending to the American Exchange National Bank its check, drawn on its correspondent bank at Wilmington, N. C., including in the amount for which it was drawn the amount of the Lawson check. It marked the Lawson check "Paid," charged it to his account, and subsequently returned the same to Lawson, canceled. The check sent to the American Exchange National Bank was only a conditional payment of the Lawson check. No facts appear in the statement of agreed facts from which it can be found that it was agreed by the Bank of Proctorville and the American Exchange National Bank that said check was sent or accepted as an unconditional payment of the Lawson check or as a full and final discharge of the liability of the Bank of Proctorville for the proceeds of the collection of said check. In the absence of an agreement to the contrary, the delivery of a check by the debtor to the creditor and the acceptance by the creditor of the check is not a payment of the indebtedness until the check has been paid; *Bank v. Barrow, ante,* 303.

The check on the Bank of Wilmington has not been paid; it must follow, therefore, that the proceeds of the collection of the Lawson check have not been paid. The Bank of Proctorville, at the date of the appointment of plaintiff as receiver, had, among its assets, which passed to plaintiff, the money which Lawson had deposited with it. Its balance in the Wilmington bank, on which it had drawn its check covering the amount of the Lawson check, had not been diminished by reason of said check, but passed to plaintiff, intact, so far as said check was concerned. Neither Lawson nor the payee or endorsee of his check for the amount of his deposit in the Bank of Proctorville had received any part of same, so that neither the proceeds of the collection nor the check have been paid by the Bank of Proctorville.

It is true that it is agreed that Lawson's check after it came into the possession of the Bank of Proctorville was marked "Paid" by the said bank and that entries were made on the books of the bank showing that said check had been charged to Lawson's account. Debts, however, cannot be paid or obligations discharged by mere entries upon books, which

are inconsistent with facts. Such entries, certainly when made *ex parte,* cannot be held as conclusive; they can be, at best, no more than evidence.

In *Bank v. Bank,* 119 N. C., 307, *Justice Montgomery* says: "Simply entering credits on mutual accounts between the actual collecting banks and their intermediaries will not protect the actual collector of drafts or checks from the demands of the owner under the circumstances of this case."

The Bank of Proctorville, not having paid the amount due to Lawson by reason of his deposit, plaintiff, as receiver, still owes this amount. He does not owe it to the American Exchange National Bank, for this bank has been released of any obligation which it incurred to the Bank of Lumberton, from which it received the Lawson check for collection. He does not owe it to Bank of Lumberton, for it has charged the amount of the Lawson check to Weinstein, from whom it received the check for deposit. Nor does he owe it to Weinstein, the payee; Lawson, doubtless, being advised that his indebtedness to Weinstein has not been paid, because his check given in payment thereof was not paid by the Bank of Proctorville, has fully paid Weinstein and discharged his indebtedness to him. The indebtedness of plaintiff, as receiver of Bank of Proctorville, on account of the deposit, not having been paid, is still due to J. R. Lawson, both in fact and in law. Upon the agreed facts, whatever rights to said indebtedness were acquired by Weinstein or the bank at Lumberton or the American Exchange National Bank by reason of Lawson's check and its acceptance by the Bank of Proctorville have been released and extinguished. If there is any liability still existing against the Bank of Proctorville arising out of its check on the Bank of Wilmington to American Exchange National Bank, upon the agreed facts the same cannot be enforced by said bank so as to include the amount of the Lawson check. Lawson has acquired the right to enforce such liability by subrogation. In any event, at the commencement of this action, plaintiff was indebted to Lawson in the sum of $219.60, either because the amount of his deposit has not been paid, or if it was paid, because he has been subrogated to the rights of the American Exchange National Bank in and to the check, which includes the proceeds of the collection of Lawson's check, payable to Weinstein. Defendant, Lawson, is, therefore, entitled to have such indebtedness applied as a payment, *pro tanto,* upon his note, in accordance with his plea of counterclaim. There was error in rendering judgment denying defendant Lawson his counterclaim.

We have not overlooked the contention of plaintiff that by reason of chapter 20, Public Laws 1921, the Bank of Proctorville had the option to pay the check of J. R. Lawson, its depositor, when same was sent

to it for collection through the post office by draft on the bank at Wilmington. This statute has been declared by the Supreme Court of the United States not to be in violation of the Constitution of the United States, and, therefore, valid; 262 U. S., 649; 67 L. Ed., 1157. The provisions of the statute, however, must be construed in accordance with well settled rules of law; it will not be held that a drawee bank can charge checks drawn on it by its customers to the accounts of such customers, remit in drafts or exchange to the forwarding bank, and thereby be released, notwithstanding that said drafts or exchange are, for valid and lawful reasons, not paid. Where a check drawn on a bank or trust company chartered by this State is presented to the drawee bank, "by or through any Federal Reserve Bank, post office or express company or any respective agent thereof," and such bank or trust company, in the exercise of the option conferred by said statute, sends to the forwarding bank its draft on its reserve deposits in payment of such check, it will not be discharged of liability for the collection of its depositor's check until such draft on its reserve deposit has been paid.

There was error in rendering the judgment and same is
Reversed.