## DEWEY BROTHERS v. MARGOLIS & BROOKS.

(Filed 14 March, 1928.)

**1. Banks and Banking — Checks — Rights and Liabilities of Drawer, Drawee, and Banks in Course of Collection.**

When a collecting bank receives a check for collection payable at a bank in another town, there is no authority of agency conferred by the drawer of the check on it to receive in payment anything but money; and where the drawer of the check has money to meet the check on deposit in the drawee bank, on presentment in due course, and an intervening bank, in the course of collection, receives a check of the drawee bank in payment, which is not paid by reason of the drawee bank becoming insolvent before presentment of its check: *Held*, as a matter of law the drawer of the check is released from liability thereon. 3 C. S., 220(n), has no application to the facts in this case.

**2. Election of Remedies of Debtor Upon Unpaid Check.**

When a check on a bank by the drawer has not been paid upon presentment at the drawee bank in due course, by reason of insufficient funds, the payee may elect to bring action upon the unpaid check or upon the obligation for which the check was given.

**3. Banks and Banking—Checks—Presumptions.**

> A check marked paid by the drawee bank in the hands of the drawer thereof is only prima facie evidence of payment, and may be rebutted by showing that payment had not in fact been made.

APPEAL by defendants from *Grady, J.,* at November Term, 1927, of WAYNE. New trial.

Action begun in the court of a justice of the peace of Wayne County to recover the sum of $190.39, with interest from 10 April, 1926, due by contract. Defendants relied upon their plea of payment. From judgment rendered in said court defendants appealed to the Superior Court of Wayne County.

The issue submitted to the jury at the trial in the Superior Court was answered as follows:

"In what amount, if any, are defendants indebted to plaintiffs: Answer: $190.39, with interest from 10 April, 1926." From judgment on the verdict defendants appealed to the Supreme Court.

*Kenneth C. Royall and Jack Joyner for plaintiffs.*
*Joseph E. Johnson and Rivers D. Johnson for defendants.*

CONNOR, J. Plaintiffs are engaged in business in the city of Goldsboro, Wayne County, North Carolina. Defendants are merchants, residing at Warsaw, in Duplin County, said State.

At the trial below plaintiffs alleged that on 10 April, 1926, defendants were indebted to them in the sum of $190.39 for merchandise. This allegation was admitted by defendants. Defendants, however, alleged that on or about said day they sent to plaintiffs by mail their check drawn on the Bank of Warsaw, payable to the order of plaintiffs for said sum, in payment of their said indebtedness. Plaintiffs admitted the receipt by them of said check on 15 April, 1926, but alleged that said check, although thereafter duly presented to the Bank of Warsaw for payment, was not paid by said bank. Defendants alleged that said check upon its presentment, as alleged by plaintiffs, was promptly paid by the Bank of Warsaw on 17 April, 1926.

The sole question, therefore, involved in the issue submitted to the jury was, whether defendants' check on the Bank of Warsaw, payable to the order of plaintiffs, was duly paid by the said Bank of Warsaw.

Defendants excepted to the refusal of the court to allow their motion for judgment as of nonsuit, at the close of the evidence, and also to the court's instruction to the jury, that if they believed the evidence they should answer the issue, "190.39, with interest from 10 April, 1926." The instruction was, in effect, that if the jury believed the evidence they

should find that defendants' check was not paid by the Bank of Warsaw, and that defendants' plea of payment was not sustained. Defendants, upon their appeal to this Court assign the ruling of the court upon their motion for judgment as of nonsuit, and this instruction as error.

There was no error in the refusal of the court to allow the motion for judgment as of nonsuit. Defendants admitted the indebtedness; the burden was on them to establish the truth of their plea of payment. The issue was properly submitted to the jury upon all the evidence.

The facts shown by the evidence, and relied upon by each of the parties to the action as sustaining their respective contentions as to the determinative question involved in the issue, are as follows: Upon receipt of defendants' check, drawn on the Bank of Warsaw, and payable to their order on 15 April, 1926, plaintiffs endorsed and deposited the same to their credit with the Wayne National Bank of Goldsboro, N. C.. The Wayne National Bank at once forwarded the check by mail to the Wachovia Bank and Trust Company at Winston-Salem, N. C., for collection and credit to its account. The Wachovia Bank and Trust Company promptly sent said check to the Bank of Warsaw for payment. The check was thus presented to the Bank of Warsaw for payment on 17 April, 1926. On said day defendants, drawers of the check, had on deposit with the Bank of Warsaw to their credit, and subject to their check, a sum in excess of the amount of the check, payable to the order of plaintiffs, and thus presented to said bank for payment. The Bank of Warsaw, upon its receipt of the check, through the mail, from Wachovia Bank and Trust Company, charged the amount thereof to the account of defendants and marked the check "Paid." It subsequently delivered the check thus marked "Paid," with other canceled checks to defendants, together with a statement of their account, showing that the amount of the check had been deducted from their total credits.

The Bank of Warsaw, on the same day that it charged the check to the account of defendants and marked it "Paid," to wit, 17 April, 1926, drew its check, payable to the order of Wachovia Bank and Trust Company, on the Murchison National Bank of Wilmington, N. C., for the amount of defendants' check and forwarded same by mail to Wachovia Bank and Trust Company, in remittance of the proceeds of defendants' check, received by it from said Wachovia Bank and Trust Company for collection. On 22 April, 1926, the Bank of Warsaw closed its doors and ceased to do business. It was insolvent on said day. Its check drawn on the Murchison National Bank, and payable to Wachovia Bank and Trust Company was not paid. On the day on which it was drawn by the Bank of Warsaw the said bank did not have sufficient funds to its credit with the Murchison National Bank for the payment of its said check. It did have sufficient money, however, on hand from the date

on which defendants' check was drawn until the date on which it ceased to do business, to pay said check.

The Wachovia Bank and Trust Company has charged the account of Wayne National Bank with the amount of defendants' check, and the Wayne National Bank has charged the account of plaintiffs with said amount. Plaintiffs have not been paid the amount of defendants' check. The Wachovia Bank and Trust Company has filed a claim with the receiver of the Bank of Warsaw for the amount of the check drawn by said bank, and payable to its order, on the Murchison National Bank.

Defendants' assignment of error, based upon their exception to the instruction of the court to the jury, which was in effect that upon all the evidence, if they believed the same, they should find that defendants' check upon the Bank of Warsaw was not paid, upon its presentment to said bank, must be sustained.

Defendants' indebtedness to plaintiffs was not paid by the check which defendants sent by mail to plaintiffs, and which plaintiffs accepted and deposited in the Wayne National Bank to their credit, unless said check was upon its presentment paid by the Bank of Warsaw.

It is well settled as the law that, in the absence of an agreement to the contrary, the delivery of a check by a debtor to his creditor, and the acceptance of the check by the creditor, is not a payment of the indebtedness until the check has been paid by the drawee bank. The debtor is not discharged of liability for the debt unless his check is paid. The check is only a conditional payment. If it is not paid by the drawee bank, upon presentment, the creditor may recover upon the debt, or he may sue upon the check at his option. *Hayworth v. Ins. Co.,* 190 N. C., 757; *Graham v. Warehouse,* 189 N. C., 533; *Bank v. Barrow,* 189 N. C., 303. If, however, the check is paid by the drawee bank, the debt is paid, and the debtor is discharged of liability to the creditor on account thereof.

Upon the facts which all the evidence in the instant case established, if same was believed by the jury, as between the defendants, drawers of the check and the Bank of Warsaw, the drawee bank, the check was paid. The Bank of Warsaw was discharged of liability to defendants as depositors to the extent of the amount of the check. Defendants, as depositors, could not have recovered of the bank the amount of their check after the said check had been charged to their account, and the proceeds remitted to Wachovia Bank and Trust Company by check which was accepted by said Trust Company. With respect to said amount the Bank of Warsaw became the debtor of the Wachovia Bank and Trust Company. This debt was not paid because of the nonpayment of the check of the Bank of Warsaw by the Murchison National Bank. In

recognition of the relation of creditor and debtor, with respect to the proceeds of defendants' check, between it and the Bank of Warsaw, the Wachovia Bank and Trust Company has filed its claim with the receiver of the Bank of Warsaw for the amount of this check.

The facts of this case are distinguishable from those in *Graham v. Warehouse,* 189 N. C., 533. In the first place, the question as to whether the check had been paid in the latter case was presented in an action between the depositor and the bank. In this case the question as to payment arises in an action between the drawer of the check and the payee. In the case of *Graham v. Warehouse, supra,* Lawson, the drawer of the check, paid the amount of the check to Weinstein, the payee, to whom it had been charged back by his bank. Upon the facts presented neither Weinstein nor the banks which had handled the check had any claim against the bank for the proceeds of Lawson's check. Lawson, by paying to Weinstein the amount of the check, sent by the drawee bank, in payment of his check to the collecting bank, was held to be subrogated to the rights of said collecting bank and of Weinstein. Lawson was therefore entitled to his counterclaim, either because his check had not been paid by the bank or because he was the owner by subrogation of the proceeds of his check if same had been paid. For that reason the decision in *Graham v. Warehouse* is not an authority for holding that upon the facts of the instant case defendants' check had not been paid by the Bank of Warsaw.

The fact that the Bank of Warsaw has not paid to the Wachovia Bank and Trust Company the proceeds of the defendants' check, because its check on Murchison National Bank was not paid, cannot be held, on the facts of this case, to affect the defendants. When defendants drew their check, payable to the order of plaintiffs, and sent same to the plaintiffs in payment of their indebtedness, they undertook that the check would be paid by the drawee bank, upon its due presentment, in money. When this check was presented to the drawee bank for payment, defendants had on deposit with said bank sufficient funds for the payment of the check, and the said bank had on hand a sufficient sum of money with which to honor the check. The acceptance by the Wachovia Bank and Trust Company of a check drawn by the Bank of Warsaw on the Murchison National Bank in payment of the proceeds of defendants' check, in the absence of evidence tending to show that defendants had authorized or consented to such acceptance, was at the risk of the Wachovia Bank and Trust Company. It had the right to demand that the check of defendants be paid in money. It waived this right at its own risk, and not at the risk of defendants.

There was no relation of principal and agent between defendants and the Wachovia Bank and Trust Company with respect to the present-

ment and collection of defendant's check. Neither the Wayne National Bank nor the Wachovia Bank and Trust Company received said check for deposit or collection on account of defendants. 3 C. S., 220(n), which is section 39 of chapter 4, Public Laws 1921, has no application to this case. It is applicable only when the liability of a bank which has received for collection or deposit a check drawn on a bank located in another city or town, to the holder or depositor of the check, is involved. The statute cannot be held to affect the right of the drawer of the check to have the payee or his agent for collection to demand money in payment of his check or to take the risk of accepting anything but money. The drawer of a check, who has delivered same to the payee, is without power to direct how or when, or by what agency, the payee or subsequent holder shall present the check for payment, or in what medium he shall demand payment to the drawee bank. He has undertaken only that if due presentment be made the check will be paid in money. He is discharged of liability as drawer, when the drawee bank, out of funds in its hands to his credit, pays the check with money or in any other medium accepted by the holder of the check.

The principle that "where a check, given by a debtor on a certain bank in payment of his debt, was by another bank acting as collector for the creditor and payee forwarded, for collection or payment, to the drawee bank, in which there was more than enough money on deposit to the credit of the drawer at the time the check arrived there to pay the same, whereupon the drawee bank drew its draft upon another bank for the amount of the check, and forwarded the same to the collecting bank, and charged, canceled and surrendered the check to the drawer, he was thereby discharged from liability on the debt," has been frequently approved and applied. This principle has been recently approved and applied by Supreme Court of the United States in *City of Douglass v. Fed. Res. Bank of Dallas,* 271 U. S., 489, 70 L. Ed., 1051. See, also, *Malloy v. Fed. Res. Bank of Richmond,* 281 Fed., 997, in which this principle as stated in *Milling Co. v. Bank,* 120 Tenn., 225, 111 S. W., 248, 18 L. R. A. (N. S.), 441, is quoted with approval.

There was error in the instruction of the court to the jury. The jury should have been instructed that if they believed the evidence, and found the facts to be as all the evidence tends to show, defendants' check on the Bank of Warsaw was paid, and that plaintiffs are not entitled to recover in this action. For the error in the instruction there must be a

New trial.