MOORE & DAWSON v. HIGHWAY ENGINEERING AND CONSTRUCTION COMPANY, FIRST NATIONAL BANK OF KINSTON, MURCHISON NATIONAL BANK, WACHOVIA BANK AND TRUST COMPANY, AND BRANCH BANKING AND TRUST COMPANY, RECEIVER OF BANK OF WARSAW.

(Filed 10 October, 1928.)

**1. Bills and Notes—Checks—Rights and Liabilities of Drawer, Payee, and Banks in Course of Collection.**

Where a check is received by the drawee bank from banks in course of collection, and the drawee bank marks it "paid" and charges the amount to the account of the drawer, and sends the collecting bank its draft on a third bank in payment, which draft is not paid because of insufficient funds: *Held,* the check was not paid by the drawee bank, its giving its worthless draft and marking the check "paid" not amounting to legal payment, and the debt of the drawer is not discharged thereby.

**2. Same.**

Where a check is drawn on a bank which was insolvent and unable to pay the same at the time the check was drawn, negligence of banks in course of collection, if any, in presenting the check for payment could not cause damage, and is not actionable.

APPEAL by plaintiffs from judgment of nonsuit rendered by *Harris, J.,* at April Term, 1928, of DUPLIN. Modified and affirmed.

*H. D. Williams, Shaw & Jones and F. E. Wallace for plaintiffs.*
*R. D. Johnson for Highway Engineering and Construction Company.*
*Cowper, Whitaker & Allen and Biggs & Broughton for First National Bank of Kinston and Wachovia Bank and Trust Company.*
*Rountree & Carr and Bryan & Campbell for Murchison National Bank.*

ADAMS, J. Whether there was error in nonsuiting the plaintiffs is to be determined by the application of established principles of law to certain facts, the most of which are admitted.

The Highway Engineering and Construction Company, while engaged in paving a part of the highway between Kenansville and Pink Hill under a contract with the State Highway Commission, became indebted to the plaintiffs for work performed as hauling contractors in the sum of three thousand one hundred and eighty-three dollars. On 9 April, 1926, for the purpose of paying this debt the Engineering and Construction Company drew its check on the Bank of Warsaw, Kenansville Branch, for the correct sum, payable to the plaintiffs. The check was dated 10 April, but was delivered to the plaintiffs after banking hours on the day preceding. Between nine and ten o'clock on 10 April the plaintiffs endorsed and delivered the check to the First National Bank of Kinston to be credited on their account, and credit was entered subject to final payment of the check by the bank on which it was drawn. On the same day the Kinston bank sent the check by mail in due course as an item for collection and credit to the Wachovia Bank and Trust Company at Raleigh. The check was received after business had been closed for the day; and as the eleventh of April was Sunday and the twelfth a legal holiday the check on 13 April was credited by the Wachovia Bank to the account of the First National Bank of Kinston. The Wachovia Bank and Trust Company then mailed the check for payment to the payee bank, Bank of Warsaw, Kenansville Branch, at Kenansville, where it was received on 14 April. The Kenansville Branch then drew its draft on the Murchison National Bank, of Wilmington, for the sum of $3,339.21, which included the check for $3,183 given to the plaintiffs, and on 15 April sent it by mail to the Wachovia Bank and Trust Company at Winston-Salem. When this was done the Bank of Warsaw, Kenansville Branch, stamped on the check for $3,183 the word "paid," filed it, and charged the amount to the account of the Engineering and Construction Company by whom it had been drawn. On 16 April the Wachovia Bank and Trust Company received the draft

on the Murchison National Bank and sent it to the Federal Reserve Bank at Richmond, Virginia, which received it the next day and immediately mailed it to the Murchison National Bank for payment. The latter bank received the draft on 19 April, and on the next day informed the Federal Reserve Bank and the Wachovia Bank and Trust Company that the Bank of Warsaw, Kenansville Branch, did not have sufficient funds on deposit with it to pay the draft. The account of the Kenansville Branch was then overdrawn to an amount in excess of $14,000. The other transmitting banks and the interested parties were given similar notice. On 21 April, 1926, the Corporation Commission took possession of the property and assets of the Bank of Warsaw and of the Kenansville Branch, receivers were duly appointed, and neither bank has since been open for the transaction of business.

The plaintiffs contend that they are entitled to judgment against the Highway Engineering and Construction Company because the check given them has never been paid, and against the First National Bank of Kinston, the Murchison National Bank, and the Wachovia Bank and Trust Company for loss caused by their negligent failure to collect the check.

There is an allegation in the complaint that the Bank of Warsaw, Kenansville Branch, neither on 10 April nor at any time thereafter had funds sufficient and available for payment of the check drawn by the Engineering and Construction Company in favor of the plaintiffs. The plaintiffs offered evidence to this effect. The cashier testified that at no time between the fourteenth and the twenty-first of April did the Kenansville Branch have a sufficient amount of currency to pay the plaintiffs' check; that the assets of this bank were not mingled with those of the Bank of Warsaw; that with the exception of the capital stock the institutions were entirely separate; and that he "did not get money from the Bank of Warsaw to pay the obligations of the Kenansville Branch." This, we understand, is alleged by the plaintiffs and admitted. At least there is no evidence in contradiction. In these circumstances the mere cancellation of the check was not a payment by the Kenansville Branch. Payment is the discharge of a debt by the delivery of money or other thing of value; it is the fulfilment of a promise or the performance of an agreement. In a strict legal sense there must be a delivery by the debtor and an acceptance by the creditor of money or its equivalent with intent in whole or in part to pay a debt or to satisfy an obligation. 30 Cyc., 1181; Black's Law Dictionary. The Kenansville Branch gave nothing of value for the canceled check and disbursed no part of its assets by filing the check impressed with a false endorsement of payment. The check therefore was not paid; and if it was not, the debt for which it was given is still unsatisfied. *Hayworth*

*v. Ins. Co.,* 190 N. C., 757. · It may be noted that there is a vital distinction between the facts in the case before us and in *Dewey v. Margolis,* 195 N. C., 307, and *Quarles v. Taylor, ibid.,* 313.

As the bank upon which the check was drawn did not make payment and could not because it was insolvent and had no funds out of which payment could be made, it is not easily perceived how the utmost diligence on the part of the transmitting and receiving banks could have hastened or secured collection of the check. The judgment is affirmed as to all the defendants except the Highway Engineering and Construction Company whose debt to the plaintiffs has not been paid.

· Modified and affirmed.