### S. A. SOUTH v. PAUL SISK and MOLLIE SISK.

(Filed 10 January, 1934.)

**Payment C a—Where parties agree that check should constitute full payment it so operates, although check is not paid by drawee bank.**

> The acceptance of a check constitutes conditional payment in the absence of an agreement to the contrary, but where a mortgagee accepts a check for the amount of the mortgage debt, marks the note secured by the mortgage "paid," and delivers the note and the canceled mortgage to the mortgagor and cancels the mortgage of record, it is sufficient to establish an agreement that the check should constitute full payment, and the debt is discharged although the check is not paid by the drawee bank upon due presentment because of insolvency, and where the trial court finds such facts, a jury trial being waived, and there is sufficient evidence to support the findings, a judgment in mortgagor's favor will be affirmed.

Appeal by plaintiff from *Sink, J.*, at April Term, 1933, of Ashe. Affirmed.

When this action was called for trial in the Superior Court, the parties thereto waived a trial by jury, and agreed that the judge should hear the evidence, find the facts therefrom, and render judgment thereon, in accordance with the law applicable to the facts as found by him. The facts found by the judge are as follows:

1. On 31 October, 1931, the defendants were indebted to the plaintiff in the sum of $104.00, as evidenced by a note executed by the defendants, and payable to the order of the plaintiff. The said note was secured by a deed of trust which had been duly recorded in Ashe County.

2. On or about 31 October, 1931, the defendants notified the plaintiff that payment of said note would be made to him by their attorney at his office in West Jefferson, N. C. In consequence of said notice, the

plaintiff went to the office of defendants' attorney on 6 November, 1931, and there accepted from said attorney, in payment of said note, a check for $104.00, which was drawn by the cashier of the Peoples Bank of Somerset County, Princess Anne, Md., on said bank. This check was payable to the order of the plaintiff, and had been delivered by defendants to their attorney for the payment of plaintiff's note. After the plaintiff had accepted said check in payment of his note, he marked the note "Paid," and delivered the same to defendants' attorney. At the request of said attorney, plaintiff entered on the records of Ashe County, a cancellation of the deed of trust by which the said note was secured. The note marked "Paid," and the deed of trust marked "Satisfied and canceled," are now in the possession of the defendants, both having been delivered to them by their attorney.

3. On 6 November, 1931, the plaintiff, having first endorsed the said check, deposited the same to his credit with the First National Bank of West Jefferson, at West Jefferson, N. C. The said bank gave plaintiff credit for the amount of said check, and held said amount subject to plaintiff's checks. Thereafter, in due course, the First National Bank of West Jefferson caused the said check to be duly presented to the People's Bank of Somerset County, Princess Anne, Md., on 13 November, 1931, for payment. The check was not paid, but was returned to the First National Bank of West Jefferson for the reason that the Peoples Bank of Somerset County had closed its doors on 7 November, 1931, and at the date of the presentment of said check was in process of liquidation under the laws of the State of Maryland. After the said check was returned to the First National Bank of West Jefferson, it was charged by said bank to the account of the plaintiff, who had endorsed the same. The said check is now in the possession of the First National Bank of West Jefferson. It has not been delivered or tendered to the defendants by the plaintiff or by any one acting for him.

On the foregoing facts found by him from the evidence, the judge was of opinion, and so found, that the plaintiff accepted the cashier's check delivered to him by defendants' attorney in full payment and discharge of his note, and was therefore not entitled to the relief prayed for in his complaint, to wit: the foreclosure of the deed of trust, by which his note was secured.

From judgment that plaintiff take nothing by his action, and that defendants recover of the plaintiff the costs of the action, the plaintiff appealed to the Supreme Court.

*Joseph M. Privette for plaintiff.*
*W. B. Austin for defendants.*

CONNOR, J. The only assignment of error in this appeal is based on plaintiff's exception to the judgment. There is no contention that the evidence at the trial in the Superior Court was not sufficient to sustain the findings of fact made by the judge and set out in the record. The judgment is supported by these facts, and for that reason must be affirmed.

It is well settled as the law in this State and elsewhere that, in the absence of an agreement to the contrary, the delivery of a check by a debtor to his creditor, and the acceptance of the check by the creditor, whether the check is drawn by the debtor, or by a third person, is not a payment of the debt, until and unless the check, upon due present-ment, is paid by the drawee bank. In such case the check is only a condi-tional payment. If it is not paid by the drawee bank, upon presentment, the creditor may recover upon the debt or may sue upon the check, at his option. *Dewey v. Margolis,* 195 N. C., 307, 142 S. E., 22; *Hayworth v. Ins. Co.,* 190 N. C., 757, 130 S. E., 612; *Graham v. Warehouse,* 189 N. C., 533, 127 S. E., 540; *Bank v. Barrow,* 189 N. C., 303, 127 S. E., 3; 48 C. J., 617; 21 R. C. L., 60.

In the instant case there was an agreement by and between plaintiff and defendants, at the time the cashier's check was delivered by de-fendants' attorney, and accepted by plaintiff, that said check was de-livered and accepted in full payment of plaintiff's note executed by the defendants. The plaintiff subsequently endorsed the check, which was payable to his order, and deposited the same in bank to his credit. The check was, therefore, an absolute payment and discharge of the note. 48 C. J., 620. The judgment is

Affirmed.