ANDREWS-COOPER LUMBER COMPANY v. B. M. HAYWORTH AND HIS WIFE, DELPHIA HAYWORTH, AND GURNEY LOFLIN AND J. R. HAWKINS.

(Filed 10 January, 1934.)

**Laborers' and Materialmen's Liens B c: Payment C a—Owner must prove payment prior to notice, and delivery of cashier's check is not payment.**

In an action by a materialman against the owner of property to enforce his lien acquired according to statutory provisions, the burden is on the owner to show that he had paid the contractor the full amount due on

the contract prior to the serving of the statutory notice on the owner and the filing of the lien when this defense is relied on by the owner, and where the only evidence of payment is that the owner delivered a cashier's check to the contractor for the amount of the contractor's claim, the materialman is entitled to a directed verdict on the issue as to payment of the contractor, the delivery and acceptance of the cashier's check being only conditional payment in the absence of an agreement by the parties that it should constitute payment.

APPEAL by plaintiff from *Sink, J.,* at September Term, 1933, of GUILFORD. Reversed.

This action was begun and tried in the municipal court of High Point.

The plaintiff, a corporation organized under the laws of this State, is engaged in the business of manufacturing and selling, at retail, lumber and building materials, in the city of High Point, N. C.

During the fall of 1931, the plaintiff sold and delivered to the defendants, Gurney Loflin and J. R. Hawkins, lumber and building materials which were used by the said defendants in the construction of a house on lands in Davidson County, North Carolina, which are owned by the defendants, B. M. Hayworth and his wife, Delphia Hayworth. The construction of the said house was completed, according to the contract entered into by and between the defendants, on or about 1 January, 1932. On 5 January, 1932, the defendants, B. M. Hayworth and his wife, Delphia Hayworth, were indebted to their codefendants in the sum of $1,000, the said sum being the balance due on the contract for the construction of said house, and the defendants, Gurney Loflin and J. R. Hawkins were indebted to the plaintiff in the sum of $1,000, the said sum being the amount due for lumber and building materials used by said defendants in the construction of said house for their codefendants.

On 25 February, 1932, the plaintiff served a notice, in writing, on the defendants, B. M. Hayworth and his wife, Delphia Hayworth, that plaintiff claimed a lien on the house constructed for said defendants by their codefendants in the sum of $1,000, and attached to said notice an itemized statement of the lumber and building materials which the plaintiff had sold and delivered to the defendants, Gurney Loflin and J. R. Hawkins, and which had been used by said defendants in the construction of said house.

On 26 February, 1932, the plaintiff filed in the office of the clerk of the Superior Court of Davidson County a lien on the said house and on the lands on which the said house is located, for the sum of $1,000.

This action was begun on 4 April, 1932, to recover of the defendants the sum of $1,000, with interest on said sum from 1 January, 1932, and

to enforce plaintiff's statutory lien on the house and lot described in the complaint.

The defendants, B. M. Hayworth and his wife, Delphia Hayworth, in their answer, admitted that they were indebted to their codefendants, Gurney Loflin and J. R. Hawkins, on 5 January, 1932, in the sum of $1,000, as alleged in the complaint. They alleged, however, that they had paid said sum to the said defendants on said day, and for that reason were not indebted to them or to the plaintiff at the date of the commencement of this action.

The issues raised by the pleadings and submitted to the jury were answered as follows:

"1. Did the defendant, B. M. Hayworth, enter into a contract with the defendants, Gurney Loflin and J. R. Hawkins, to build a house as alleged in the complaint? Answer: Yes.

2. Did the defendant, Delphia Hayworth, wife of B. M. Hayworth, consent to and ratify said contract? Answer: Yes.

3. What amount was remaining due and unpaid on said contract on 5 January, 1932? Answer: $1,000, with interest from 1 January, 1932.

4. Was the cashier's check offered in evidence payment of said balance due under said contract? Answer: Yes.

5. Is the plaintiff entitled to a lien on the property described in the complaint for the balance due on said contract? Answer: .... ."

From judgment that plaintiff recover nothing of the defendants, B. M. Hayworth and his wife, Delphia Hayworth, and that said defendants recover of the plaintiff their costs incurred in this action, the plaintiff appealed to the Superior Court of Guilford County, assigning errors in the trial. At the hearing of this appeal, plaintiff's assignments of error were not sustained.

From the judgment of the Superior Court affirming the judgment of the municipal court of High Point, the plaintiff appealed to the Supreme Court.

*David H. Parsons for plaintiff.*
*T. W. Albertson and M. W. Nash for defendants.*

CONNOR, J. The answer to the 4th issue submitted to the jury at the trial of this action in the municipal court of High Point is determinative of the right of the plaintiff to recover of the defendants, B. M. Hayworth and his wife, Delphia Hayworth, on the cause of action alleged in the complaint. These defendants admit in their answer that they were indebted to their codefendants, Gurney Loflin and J. R. Hawkins, on 5 January, 1932, in the sum of $1,000. They allege that they paid said sum on said day. The burden was on the said defendants to sus-

tain this defense. In apt time, the plaintiff requested the trial court to instruct the jury that if they believed the evidence pertinent to the 4th issue, they would answer the said issue, "No," and excepted to the refusal of the court to so instruct the jury. On its appeal to the Superior Court, the plaintiff assigned as error the refusal of the trial court to instruct the jury as requested by it. This assignment of error was overruled by the Superior Court, and on its appeal to this Court, the plaintiff assigns same as error. The plaintiffs by this assignment of error presents to this Court its contention that there was no evidence at the trial in the municipal court of High Point, which tended to show that the defendants, B. M. Hayworth and his wife, Delphia Hayworth, paid the amount due by them to their codefendants, Gurney Loflin and J. R. Hawkins, on 5 January, 1932, as the said defendants alleged. This contention is sustained. There was no evidence at the trial in the municipal court of High Point which tends to show that at the time the defendants, B. M. Hayworth and his wife, Delphia Hayworth, delivered the cashier's check to their codefendants, Gurney Loflin and J. R. Hawkins, it was agreed by and between said defendants that the said cashier's check was delivered and accepted in full payment and discharge of the amount then due by said defendants to their codefendants. It is well settled that in the absence of such agreement, the delivery and acceptance of the cashier's check was only a conditional payment of the debt. *South v. Sisk, post,* 655; *Dewey v. Margolis,* 195 N. C., 307, 142 S. E., 22; *Hayworth v. Ins. Co.,* 190 N. C., 757, 130 S. E., 612; *Graham v. Warehouse,* 189 N. C., 533, 127 S. E., 540; *Bank v. Barrow,* 189 N. C., 303, 127 S. E., 3; 48 C. J., 617; 21 R. C. L., 60.

All the evidence showed that the defendants, Gurney Loflin and J. R. Hawkins, received the cashier's check at about 8:30 p.m., on 5 January, 1932, and caused the same to be presented to the drawee bank for payment on the morning of 6 January, 1932. Payment was then refused by said bank, and thereafter the check was tendered to the defendants, B. M. Hayworth and his wife, Delphia Hayworth, who declined to accept the same. There was no evidence tending to show that upon a further presentment of the check to the bank it would have been paid. All the evidence was to the contrary.

There was error in the refusal of the Superior Court to sustain plaintiff's assignment of error based on its exception to the refusal of the trial court to instruct the jury as requested by the plaintiff with respect to the 4th issue submitted to the jury. For this error the judgment of the Superior Court must be and is

Reversed.