MRS. B. C. OUTLAW, ADMINISTRATRIX OF ESTATE OF B. C. OUTLAW, DECEASED, v. CITY OF ASHEVILLE.

(Filed 8 March, 1939.)

**Appeal and Error § 38—**

When the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the lower court will be affirmed without becoming a precedent.

APPEAL by defendant from *Nettles, J.,* at December Term, 1938, of BUNCOMBE. Affirmed.

This was an action instituted in the general county court of Buncombe County to recover of defendant the value of certain water mains and lines which were alleged to have been appropriated by the city of Asheville. From judgment of nonsuit in the county court the plaintiff appealed to the Superior Court. In the Superior Court the judgment of the county court was reversed and the cause was remanded to the county court for trial by a jury, upon the issues raised in the pleadings. From the judgment of the Superior Court, the defendant appealed to the Supreme Court.

*Cecil C. Jackson for plaintiff.*
*Philip C. Cocke, Jr., for defendant.*

PER CURIAM. The Court being evenly divided in opinion, *Winborne, J.,* not sitting, the judgment of the Superior Court is affirmed as the disposition of this appeal without becoming a precedent, in accordance with the practice of the Court. *Mills v. Jones,* 213 N. C., 802.

Affirmed.

---

W. H. WOODBURY v. NU-ENAMEL CORPORATION.

(Filed 8 March, 1939.)

APPEAL by defendant from *Johnston, J.,* at October Term, 1938, of BUNCOMBE. No error.

Plaintiff was a representative of the Nu-Enamel Corporation, with stores at Asheville and Charlotte. It became agreeable to both parties that plaintiff's representation should cease and a new representative of the defendant continue their business at both points. Plaintiff, however, had a stock of goods, wares, and merchandise in both stores, as well as furniture and equipment, fixtures, signs, counters, shelving, chairs, etc., suitable to carry on the business.

DURHAM v. WOODMEN OF THE WORLD.

The stock of goods, wares, and merchandise was purchased by the defendant and is not here in controversy. There were negotiations, however, between the parties with regard to the purchase and sale of the equipment of plaintiff in the stores. Plaintiff finally agreed that he would sell the equipment to the defendant for $1,500 in cash, and made a subsequent modification or offer by which he agreed to take $1,500 upon installment notes endorsed by the Nu-Enamel Company, since he did not know the person whom the Nu-Enamel Corporation intended to install in the business at both places and was not willing to take his notes.

It developed that prior to this modification, and without the knowledge of the plaintiff, the defendant Nu-Enamel Company had actually sold to their new representative all of the equipment of the plaintiff referred to, at the price of $1,500, and had taken installment notes therefor, and this representative had gone into possession of the property.

The defendant claims that under a prior agreement the defendant, or such person as they might contract with to carry on the business, should have possession of the equipment until demand for its return should be made by the plaintiff, and that no such demand had been made, and further contended that whatever it did was in pursuance of a promise to help the plaintiff with the sale of the equipment.

The case was submitted on appropriate instruction, and the jury having answered the issues in favor of the plaintiff, the defendant appealed.

*J. Y. Jordan, Jr., and Harkins, Van Winkle & Walton for plaintiff, appellee.*

*Edwin S. Hartshorn and Carswell & Ervin for defendant, appellant.*

PER CURIAM. We think the evidence in this case sufficient to support the verdict. We do not find in the record sufficient cause to disturb the result of the trial.

No error.

FRANCES DURHAM v. THE SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, INC.

(Filed 12 April, 1939.)

**Appeal and Error § 38—**

When the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the lower court will be affirmed without becoming a precedent.