R. E. PARKER and Wife, MRS. R. E. PARKER, v. FIRST-CITIZENS BANK & TRUST COMPANY, Administrator of the Estate of A. G. STEVENS, Deceased.

(Filed 24 November, 1948.)

**1. Sales § 11—**

Where the cash sale of an automobile and transfer of title is effected upon receipt of a check from the purchaser, as between the parties, the check is conditional payment and the transfer of title is conditioned upon collection of the check, and upon the dishonor of the check no title passes and the property remains the property of the sellers.

**2. Principal and Agent § 4—**

Death of the principal terminates the authority of the agent.

**3. Trover and Conversion § 1—**

Unauthorized sale of property of another constitutes a conversion, and the owner may elect to sue for the recovery of the specific property or he may ratify the sale and sue to recover the proceeds thereof, unless estopped.

**4. Executors and Administrators § 5—**

Plaintiffs' intestate gave a check for the purchase price of an automobile and authorized his agent to resell it. Intestate died before the check was presented for payment and prior to the resale by his agent. *Held:* Title to the car never passed and the administrator receiving the proceeds of the resale with notice holds same in trust for the owners, and such sum was never the property of intestate or his estate, and is not liable for the debts of the estate or cost of administration.

APPEAL by defendant from *Harris, J.,* March Term, 1948, WAKE. No error.

Civil action to recover proceeds of sale of automobile.

On 16 June 1947, plaintiffs offered for sale at Mann's Public Auction their 1947 Studebaker automobile. A. G. Stevens became the purchaser. He gave his check in the sum of $1,825, drawn on the defendant bank, in payment of the purchase price and the certificate of title was transferred and assigned to him.

On 17 June, Stevens sent the automobile to High Point for resale. On that day at 10:30 a.m., he committed suicide. Later in the day his agent, Wilbur Sanders, sold the automobile in High Point for $1,870 cash.

On 18 June, plaintiffs presented the Stevens check to defendant bank for payment, which payment was refused. The check has not been paid.

On 19 June, defendant, having qualified as administrator of the estate of Stevens, demanded of Sanders the proceeds of the sale of the automobile made in High Point, and was paid $1,853.05, representing the sale price, less costs.

PARKER *v.* TRUST CO.

The plaintiffs instituted this action to recover $1,853.05, the amount received by defendant as the proceeds of the sale of said automobile. When the cause came on for hearing, the court below submitted appropriate issues and gave the jury peremptory instructions thereon in favor of plaintiffs. The jury answered the issues as instructed. From judgment on the verdict, defendant appealed.

*Arch T. Allen* and *T. Lacy Williams for plaintiff appellees.*
*William T. Hatch for defendant appellant.*

BARNHILL, J. The sale of the automobile to defendant's intestate being a cash transaction, payment of the purchase price by check constituted a conditional payment and, as between the parties, transfer of title was conditioned upon the payment of the check by the bank upon which it was drawn. As the check was dishonored and not paid, no title passed to the purchaser. The property remained the property of the plaintiffs. *Hayworth v. Insurance Co.,* 190 N. C. 757, 130 S. E. 612, and cases cited; *Dewey v. Margolis,* 195 N. C. 307, 142 S. E. 22; *Lumber Co. v. Hayworth,* 205 N. C. 585, 172 S. E. 194; *South v. Sisk,* 205 N. C. 655, 172 S. E. 193; *Barksdale v. Banks,* 206 Ala. 569, 90 So. 913; *National Bank of Commerce v. R. R.,* 46 N. W. 342; *Lee v. Marion Nat. Bank,* 166 S. E. 148, rehearing, p. 160; *Thomas v. Insurance Co.,* 104 F. (2) 480; *Ratliff v. Insurance Co.,* 269 S. W. 546; *Alcohol Co. v. Harger,* 31 A. (2) 27; *Birmingham v. Rice Bros.,* 26 N. W. (2) 39; *First National Bank v. Griffin,* 120 P. 595; *Clark v. Hamilton Diamond Co.,* 284 P. 915; *Towey v. Esser,* 24 P. (2) 853; *Manget v. Bank,* 149 S. E. 213; 55 C. J. 579; 46 A. J. 644; Void on Sales, 167, 174; Waite on Sales, 2d Ed., 283. See also Anno., 31 A. L. R. 578 and 54 A. L. R. 526, where numerous cases are cited.

The authority of the agent of the purchaser to resell the automobile terminated at the death of his principal. Restatement of Law, Agency, sec. 120; 2 A. J. 52. Resale by him after the death of his principal constituted a conversion of plaintiffs' property. By reason of this conversion, plaintiffs had the election of either one of two remedies. They could sue to recover the specific property or they could ratify the sale and sue to recover the proceeds thereof. 18 A. J. 163.

As the plaintiffs transferred and delivered to the purchaser the certificate of title to the automobile and thus placed him and his agent in the position of apparent owners, it may be that they are estopped to pursue the property itself and recover it from the last vendee. Be that as it may, the defendant, who merely stands in the shoes of its intestate, received the proceeds of the sale with notice and holds the fund for the use and benefit of plaintiffs. *Woodbury v. Nu-Enamel Corp.,* 215 N. C. 790,

1 S. E. (2) 566; *Porter v. Alexander,* 195 N. C. 5, 141 S. E. 343; *Sever v. McLaughlin,* 79 N. C. 153; *Towey v. Esser, supra; Birmingham v. Rice Bros., supra; Manget v. Bank, supra; First National Bank v. Griffin, supra; Lee v. Marion Nat. Bank, supra; Nelson v. Conroy Sav. Bank,* 194 N. W. 204; *Lewis v. McMahon & Co.,* 271 S. W. 779; 53 A. J. 933; 18 A. J. 163. They having elected to sue in *assumpsit* for the purchase price, the defendant is liable to them in the amount received. That plaintiffs are entitled to judgment therefor is the only reasonable inference to be drawn from the evidence offered.

The fund never belonged to the deceased or his administrator. Instead, it was at all times the property of plaintiffs. Hence it cannot be charged either with the debts of the estate or the costs of administration.

The charge of the court is sustained by the record. No prejudicial error in the trial is made to appear. Hence, the judgment must be affirmed.

No error.