Battle, J.
 

 The contract proved by the testimony was simply an executory one for the sale of a quantity of corn at a stipulated price : the legal effect of it was to bind the parties to the performance of concurrent acts : The plaintiff was to
 
 *145
 
 send for the corn and to pay for it upon delivery ; and the defendant was to deliver it upon receiving payment. Neither party could demand a performance by the other, without'the allegation and proof of his own readiness and ability to perform his part of the agreement, 2 Bla. Com. 447;
 
 Cowper
 
 v. Saunders, 4 Dev. Rep., 283;
 
 Cole
 
 v. Hester, 9 Ired. Rep. 23. The plaintiff, then, could not sustain his action for a breach of the contract by the defendant, without showing that he himself had paid, or tendered the price of the corn, or was ready and able to do so, or that the defendant had done something to discharge him from that duty. It is contended by his counsel that the denial of the contract by the defendant was a breach of it, and dispensed with proof on the part of the plaintiff that he had paid, or tendered the money,'or had it ready to be paid or tendered at the time when he demanded the corn ; and such was the charge of his Honor to the jury in the court below. We do not concur in that opinion, in the extent to which it was carried : we admit that the conduct of the defendant dispensed with the obligation on the part of the plaintiff to pay the money, or even to tender it; but it did not relieve him from the necessity of having it ready to be paid or tendered;
 
 Abrams
 
 v. Suttles, Busb. Rep. 99. Until he had provided the means to pay for the corn upon delivery, he had not put himself in a situation in which he had a right to demand it. There was no testimony to show that it was to be paid for at any other time, or place, than that when and where it was to be delivered; the arrangement made by the plaintiff with the cashier of the Farmer’s bank at Elizabeth City for procuring the money with which to pay for the corn, could not have availed him, had it been made known to the defendant, and o| course it cannot aid him when it was never communicated to the defendant. There was error in the instructions given by the court to the jury for which there must be a.
 
 venare de
 
 novo.
 

 Per CubiáM. Judgment reversed,