## J. A. DAVIDSON v. DIAMOND FURNITURE COMPANY.

### (Filed 4 December, 1918.)

**Sales — Personal Property — Payment—Title—Conditions Precedent—Lumber—Measurement by Purchaser—Claim and Delivery.**

> Where the sale of personal property is agreed upon, without mention as to the time of payment of the price, the law will presume a cash payment by the purchaser at the time of its delivery; and where the contract was for the sale of lumber, to be measured by the purchaser, upon delivery, to ascertain the amount of the purchase price upon a rate agreed upon, the title does not pass to him until such measurement has been made, as a condition precedent; and when he fails to measure the lumber, and refuses payment therefor, claim and delivery will lie against him.

ACTION, tried before *Long, J.,* and a jury, at July Term, 1918, of IREDELL.

This action was brought (with claim and delivery) for a lot of lumber. Plaintiff contracted to sell the defendant a lot of poplar lumber at $21 per thousand, delivered, subject to the measurement of the defendant. There was nothing said as to when the payment was to be made. The defendant hurried plaintiff to get the lumber to its plant. Snow was on the ground and the weather bad, but plaintiff got out the car of lumber and delivered it on defendant's yard ready for measurement and payment. Plaintiff went over to the plant, as soon as the lumber got in, for his pay. It had not been measured and he was informed by Mr. Thomas that he would have it measured next day. Plaintiff returned next day and still the lumber had not been measured. Plaintiff demanded his money and was told that defendant didn't have it. He then demanded his lumber, but this demand was also refused, and he was told that the directors of defendant had ordered Thomas not to pay out any funds.

The defendant requested the court to instruct the jury that, if they believed the evidence, they should answer the issue "No," which was refused, and defendant excepted.

The court submitted the following issue: "Is the plaintiff the owner and entitled to the possession of the lumber described in the complaint?" which the jury answered "Yes."

The court charged the jury as follows: "If there was an unconditional sale of the lumber by Davidson and actual delivery of it to defendant, and there was no condition precedent or other acts on the part of the defendant other than taking it off the car, then the plaintiff would not be entitled to recover of this property. But if there was a contract made by this plaintiff with this defendant for a carload of lumber, and one of the elements of this contract was that this defend-

ant agreed that when the lumber was delivered at its premises that it would measure the lumber in order to ascertain how much it was to pay at the rate of $21 per thousand, and you find that Davidson on two several occasions gave the defendant an opportunity to measure it, or its agent, and the agent declined to measure it—didn't do it—this is a breach of the contract, and, under these circumstances, if you so find Davidson had the right to demand the lumber instead of the purchase price of it. If you find those to be the facts, then you will answer this issue 'Yes.' If you are so satisfied by the greater weight of the evidence you will answer this issue 'Yes.' If the plaintiff had not so satisfied you, and by the greater weight, you will answer the issue 'No.' "

Judgment was entered upon the verdict, and defendant appealed.

*H. P. Grier for plaintiff.*
*Dorman Thompson for defendant.*

WALKER, J., after stating the case: The case shows that plaintiff contracted to sell the lumber upon the condition that it should be delivered to the defendant, for the purpose of being measured to ascertain the price, at $21 per thousand feet, delivered. The clear intention of the parties as gathered from the undisputed testimony was that defendant should receive the lumber, measure it, and pay the price. The delivery was made to it at its mill, not for the purpose of passing the title, but in order that defendant could ascertain the price to be paid, and pay it, when the title should pass to it, and not before. Both parties agree that nothing was said as to the time of payment by the defendant, but the law in such a case is thus stated by Mechem on Sales, sec. 540: "It is well settled by abundant authority that in a contract for the sale of personal property, nothing being said as to the time of payment, the price must be paid either before or concurrent with the passing of the title." And precisely to the same effect is *Hughes v. Knott,* 138 N. C., at p. 110.

It is said in 35 Cyc., 283 (cited in *Elliott v. R. R.,* 155 N. C., at p. 238): "As a general rule, where there is a contract for the sale of specific goods which are in a deliverable state, but it is necessary to weigh, measure, test, or do some other act with reference thereto, for the purpose of ascertaining the price to be paid, the property in the goods, unless a contrary intention appears, does not pass until such act is done, and this rule is particularly applicable where the goods are to be paid for when delivered."

This Court held in *Millhiser v. Erdman,* 98 N. C., 292, that "Where a vendor shipped goods to a vendee under a contract in which it was stipulated that the latter should at the same time execute and send the

former his notes for the purchase price, but the vendee, having received the goods, failed to carry out the agreement with reference to the notes, it was held: (1) That the execution and delivery of the notes was an essential part of the contract, and no title passed until it was performed. . . . (2) That an assignment of goods to a trustee for the benefit of creditors does not pass the title as against the original vendor, and he may recover possession." And substantially the same was decided in *Frech v. Lewis,* 218 Pa. St., 141, where it is said: "Where a contract for the sale of goods provides for payment of the purchase price on delivery of the article sold, and the seller delivers the goods, but the buyer fails to pay, the right of property does not pass to the buyer with possession, but remains with the seller, who may at his option reclaim the goods."

This Court held in *Hughes v. Knott,* 138 N. C., at p. 110 (quoting with approval Benjamin on Sales, sec. 318): "When the buyer is by the contract bound to do anything as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered in the possession of the buyer." See same case (second appeal), 140 N. C., 550.

With these principles, which have been settled by the authorities, before us we hold that the title to the lumber had not passed to the defendant. It is manifest, we think, that it was really intended by the parties that the lumber should be measured by the defendant to ascertain the price which should then be paid, and it was not their agreement that the title should pass before this was done. The price could not be paid before it was ascertained. The delivery was not made to the defendant to pass the title, but to enable him to measure the lumber. It was a special, and not a general delivery, or, in other words, the lumber was delivered to the defendant upon the condition that he would measure it and pay the price when it was thus ascertained. He agreed to measure, and when plaintiff persistently called upon him for the price he not only refused to pay it, but also refused even to measure the lumber or to deliver it back to the plaintiff. The conduct of the defendant, to say the least of it, was not frank, and certainly not creditable. It seems that its officer, or agent, had been instructed not to pay for the lumber, and it all has the appearance of a case where defendant purchased the lumber not intending to pay for it, and when it was in an insolvent condition, which would be fraudulent, if true, and plaintiff could reclaim his property. Or, to put it more mildly, the minds of the parties did not meet and agree upon one and the same thing at the same time, for plaintiff intended to sell upon payment of the price and defendant to buy without paying the price. But disregarding this feature

of the case, the defendant, as the jury found under the judge's charge, by refusing to comply with the condition upon which he received the lumber was not vested with the property in the lumber, which remained in the plaintiff. The title did not pass. The plaintiff testified that he did not deliver the lumber to the defendant for any purpose except to measure and pay for it.

It was held in *Grandy v. McCreese*, 47 N. C., 142: "The legal effect of it was to bind the parties to the performance of concurrent acts. . . . Neither party could demand performance by the other without the allegation and proof of his own readiness and ability to perform his part of the agreement."

If the defendant, when he received the lumber, was ready to perform, he did not do so, and because of his breach of the contract he did not acquire the title. Under a proper charge, the jury have found that defendant did not comply with the contract and could not retain the lumber.

The defendant was not entitled to a nonsuit upon the evidence, or to the instruction he asked to be given to the jury.