THORNBURG ET AL., APPELLEES, *v.* BURDEN ET AL., APPELLANTS.

(No. 509—Decided February 25, 1952.)

*Mr. Ralph V. Greene,* for appellees.
*Mr. Wayne E. Davis,* for appellants.

*Per Curiam.* In this opinion Wilbur L. Thornburg and Myra J. Thornburg, husband and wife, plaintiffs in the Court of Common Pleas and appellees here, and Robert Burden and June Burden, husband and wife, defendants there and appellants here, will be referred to as plaintiffs and defendants respectively.

On July 28, 1947, defendants purchased a lot situated in Mentor Park Acres Allotment, Mentor township, Lake county, Ohio, from Raymond and Julia Pratt, husband and wife. On October 27, 1947, plaintiffs also purchased a lot in that allotment, which is contiguous to defendants' lot, from the same parties.

Each of such lots was described as being one hundred feet in width. Subsequent to such purchases deeds evidencing them were duly recorded in the deed records of Lake county, Ohio.

Prior to plaintiffs' purchase of their lot and at the time they instituted their action in the Court of Common Pleas, to which reference is made, defendants occupied and used a driveway, garage, septic tank, sewers, drains, trees, shrubbery, plantings, etc., situated on their lot and on the northerly twenty feet of plaintiffs' lot, which twenty-foot strip of land defendants claim they own by reason of the representation of their grantor as to the boundaries of the land conveyed to them.

Defendants refused plaintiffs' demand to vacate the disputed twenty-foot strip of land. Thereupon plaintiffs sued defendants in the Court of Common Pleas to eject them therefrom.

Defendants answered, denying generally the allegations of plaintiffs' petition; and by amended cross-petition, claimed title to the disputed twenty-foot strip of land by adverse possession and as occupying claimants and sought to quiet their title thereto, alleging that plaintiffs were estopped to commence the action in ejectment.

In their reply, plaintiffs denied that title was in defendants, and generally denied each and every other fact stated, averrment made and allegation set forth in such pleading.

Upon trial, the court overruled defendants' demurrers to plaintiffs' petition and opening statement of plaintiffs' counsel, sustained plaintiffs' motion for judgment on the pleadings and opening statement of counsel and entered judgment accordingly for plaintiffs, ejecting defendants from the lands described in plaintiffs' petition.

Defendants appealed from that judgment on questions of law and fact. It was agreed that the appeal was not properly perfected as one on questions of law and fact. The words, "and fact," were stricken from the notice of appeal, and, it appearing that a bill of exceptions was duly filed, the appeal was retained as one on questions of law.

By assignments of error defendants contend that "the Court of Common Pleas erred in sustaining the motion of plaintiffs-appellees for judgment on the pleadings and opening statements of counsel for the parties"; that the "order and judgment of the Court of Common Pleas are not sustained by the admitted evidence and are contrary to the weight thereof"; and that "the order and judgment of the Court of Common Pleas are contrary to law."

Without referring further to the allegations of the pleadings of the respective parties or the opening statements of their counsel, we are of the opinion that plaintiffs are not estopped by any act of omission or commission from suing defendants to eject them from such parcel of real estate.

It appears to this court that the defendants are basing their right to title to the disputed twenty-foot strip of land on claimed misrepresentations of their grantor. Such misrepresentations allegedly were not made by plaintiffs, or any one on their behalf, and in the opinion of this court defendants have no basis for a claim of title against the rights of plaintiffs under the conveyance subsequently made to plaintiffs by their common grantor. There is no dispute that such twenty-foot strip of land is embraced in the boundaries of the land conveyed by the common grantor to plaintiffs.

Without determining whether the rule of *caveat emptor*, argued for by plaintiffs, is applicable to the

facts in the case we review, it is clear to this court that as between plaintiffs and defendants it was the duty of defendants to know that the description contained in their deed did or did not embrace the disputed land.

Defendants failed to sustain their right as occupying claimants under Section 11908, General Code. They do not claim to have made any improvement on such twenty-foot strip.

The allegations of defendants' pleadings do not show that they hold a plain and connected title to the disputed land, or that they hold title thereto under any of the provisions of that section of the General Code. On the contrary, as shown by the pleadings and bill of exceptions, the chain of title to the real property which they claim by adverse possession shows an adverse claim thereto only since 1947.

It is elemental that defendants' grantors did not hold title to this real estate adverse to themselves, and, therefore, any period of time during which such disputed lands were owned by defendants' grantors could not be added or tacked to the period of time lapsed since defendants took possession under their conveyance.

Clearly, the plaintiffs are entitled to the remedy of ejectment sought in the petition and defendants are not entitled to the relief sought in their amended cross-petition.

We have considered all defendants' assigned grounds of error and find no error prejudicial to defendants.

The judgment of the Court of Common Pleas must be, and hereby is affirmed.

*Judgment affirmed.*

NICHOLS, P. J., GRIFFITH and PHILLIPS, JJ., concur.