CENTRAL NATIONAL BANK OF RICHMOND, VIRGINIA, AND R. M. SMITHERS, TRUSTEE v. WILLIAM MADISON RICH.

(Filed 2 February, 1962.)

**1. Payment § 1; Sales § 3—**

A purchaser who gives a worthless check in payment for merchandise does not acquire title even though the merchandise is then delivered, and the seller may regain his property even against a *bona fide* purchaser in the absence of estoppel.

**2. Automobiles § 4; Courts § 20—**

The title to an automobile purchased from a dealer in this State must be determined by the laws of this State.

**3. Estoppel § 5—**

The estoppel of a party whose conduct induces another to act to his detriment does not bind a stranger without notice of the facts constituting the basis for the estoppel.

**4. Same; Automobiles § 4; Payment § 1; Sales § 3—**

Where a dealer gives a nonresident purchaser an application for title for the automobile purchased, but reacquires possession of the car from the nonresident upon notice of dishonor of the check given in payment, and thereafter sells the car to a resident, any estoppel of the dealer to claim the vehicle free from the lien of a mortgage executed in reliance on the certificate of title issued to the nonresident pursuant to the application for title, would not bind the resident if he is an innocent purchaser for value without notice, and, upon his evidence that he was such an innocent purchaser, the court should charge the jury as to his rights.

BANK v. RICH.

5. **Same;** **Chattel Mortgages and Conditional Sales §§ 9, 11—** **Where vehicle is returned to this State prior to registration of lien in another state our registration laws govern.**

A nonresident gave a worthless check to a dealer in this State for an automobile which he took to the state of his residence and had certificate of title issued showing that the vehicle was free from liens. Thereafter he transferred the title to his brother who procured a loan secured by a chattel mortgage. The car was returned to the dealer in this State upon demand, and the dealer thereafter sold it to a resident purchaser for value without notice. Title was thereafter issued to the brother showing the lien, which constituted registration under the laws of such other state. Va. code 46-70; 46-71. *Held:* Upon the return of the vehicle to this State it became subject to our laws requiring registration of liens, and the resident purchaser acquired title free from the lien which was not then registered in such other state.

6. **Chattel Mortgages and Conditional Sales § 8—**

A nonresident gave a worthless check to a dealer in this State in payment of an automobile and took the vehicle to the state of his residence. Thereafter the vehicle was returned to the dealer in this State upon his demand, and the dealer then sold it to a resident purchaser without notice. *Held:* The resident purchaser is afforded protection under G.S. 44-38.1, and the contention that he was not protected by the statute because he was not a grantor, mortgagor, or conditional sales vendee from the nonresident purchaser, is untenable.

PARKER, J., concurs in result.

APPEAL by defendant from *Sink, E.J.;* March 1961 Civil Term of DURHAM.

This action was begun on 16 September 1958 to obtain possession of a Buick automobile for the purpose of selling the same to provide funds to pay a note for $3000 given by Walter W. Hubbard to plaintiff bank, payment of which note was secured by chattel deed of trust to plaintiff Smithers. Plaintiffs allege the deed of trust had priority over any claims of defendant. They ask that the rights of the parties be adjudged and the amount of the debt owing to the bank be determined.

Defendant denied, for want of knowledge or information, plaintiffs' allegation with respect to the note and deed of trust. As an additional defense he alleged he purchased the automobile on 10 September 1957 from C & B Buick, paying full value and without notice of any claim asserted by plaintiffs.

From a verdict and judgment in favor of plaintiffs defendant appealed.

*Spears & Spears by Marshall T. Spears, Jr. and Alexander H. Barnes for plaintiff appellee.*

*Bryant, Lipton, Strayhorn & Bryant by Victor S. Bryant and F. Gordon Battle for defendant appellant.*

RODMAN, J.   Defendant assigns as error the court's charge as given and the failure of the judge to apply the law to the facts. The record does not disclose any real conflict with respect to the facts. The disagreement arises with respect to the law applicable to the facts.

The factual situation to which it was the duty of the court to declare the law may be summarized thus: C & B Buick Company (hereafter C & B) was, in 1957, a licensed automobile dealer at Louisburg, N. C., selling Buick automobiles. On 27 August 1957 C & B sold the automobile in question to Samuel R. Hubbard, Jr. His brother, Walter Hubbard, was present when the purchase was made. The purchase price was $3319.83. It was paid by check drawn on a bank in Richmond, where the Hubbards lived. Samuel was there engaged in selling used cars. Walter was a partner or employee of Samuel.

C & B executed a North Carolina "DEALER'S APPLICATION FOR CERTIFICATE OF TITLE FOR NEW MOTOR VEHICLE" showing sale of the vehicle to Samuel, free of liens. The Hubbards took the automobile and the forms executed by C & B to Richmond where Samuel applied to the Virginia Division of Motor Vehicles for a certificate of title. That department, on 28 August 1957, issued a certificate showing Samuel Raleigh Hubbard, Jr. owned the vehicle free of encumbrances.

On 27 August 1957 Walter Hubbard applied to plaintiff bank (hereafter designated as plaintiff) for a loan to be secured by deed of trust on the Buick purchased by Samuel from C & B. Plaintiff agreed to make the loan when title had been issued to Walter showing that he was the owner, free of encumbrances. On 28 August 1957 Samuel Hubbard assigned his certificate of title to his brother Walter, who on that date signed an application for a new certificate. This application stated the vehicle was subject to the lien of a deed of trust to plaintiff Smithers dated 27 August 1957 securing the sum of $3000 owing plaintiff. The certificate issued to Samuel with the assignment to Walter and his application for a new certificate were left with the bank with the note and deed of trust executed by Walter. This was done in order that the bank might secure a new certificate of title showing Walter the owner subject to lien of its deed of trust. On 11 September 1957 the Division of Motor Vehicles issued a certificate of title to Walter. This certificate stated the vehicle was subject to the lien of the deed of trust securing plaintiff bank in the sum of $3000. The certificate disclosed no other lien or claim against the vehicle.

Samuel Hubbard's check to C & B for the purchase price of the

automobile was taken to Richmond and presented for payment on 28 August at the bank on which it was drawn. The bank declined to honor it. The holder then returned to Louisburg and deposited the check with a bank in Louisburg for collection. In due course the check was presented and again dishonored. C & B then communicated with the Hubbards, demanding the return of the motor vehicle, asserting that no title passed because of nonpayment of check given for the purchase price. On 4 or 5 September the Hubbards agreed that they would return the motor vehicle to C & B who would thereupon surrender the worthless check which Samuel had given for the purchase price. Pursuant to the agreement the parties, Samuel and Walter Hubbard, and a representative of C & B, met at South Hill, Va., where the motor vehicle was delivered to C & B, and Samuel's check for $3,319.83 for the purchase price was surrendered. The car was immediately returned to Louisburg.

On 10 September 1957 defendant Rich purchased the automobile from C & B for the sum of $4,444. Rich paid $2300 cash and was allowed $2144 for a 1953 Buick which he then owned. C & B on that date executed a North Carolina dealer's application for certificate of title for a new motor vehicle showing the sale to defendant Rich of the motor vehicle which it had purchased and received from Buick Motor Division on 25 June 1957. This application showed that the vehicle was subject to a lien in the sum of $2530 owing to Mechanics & Farmers Bank, executed by defendant Rich. On 8 October 1957 the North Carolina Department of Motor Vehicles issued a certificate of title to defendant Rich showing that he owned the vehicle in question subject to the lien of his mortgage to Mechanics & Farmers Bank in the sum of $2530. That lien was paid and discharged in September 1959.

Statutes of Virginia which must be considered are quoted or summarized as follows: Va. Code 46-84 directs one transferring title to an automobile registered under its laws to "endorse an assignment and warranty of title upon the reverse side of the certificate of title of the motor vehicle, trailer or semi-trailer to the purchaser thereof, with a statement of all liens or encumbrances thereon . . ."

The Supreme Court of Appeals of Virginia, called upon to interpret this statute, said: "(W)e have held that in order to complete the sale upon his part it is essential that the seller conform to the statutory requirement by delivering to the purchaser a proper assignment of title. *Thomas v. Mullins*, 153 Va. 383, 391, 149 S.E. 494. See also *United States v. One Hudson Hornet Sedan*, D.C., 110 F. Supp. 41." *Nationwide Insurance Company v. Storm*, 106 S.E. 2d 588.

The Division of Motor Vehicles is required, when it receives an ap-

plication for a certificate of title, to "show upon the face of the certificate of title all liens or encumbrances disclosed by such application. All such liens or encumbrances shall be shown in the order of their priority, such priority being according to the information contained in such application." Va. Code 46-69. Liens created subsequent to the issuance of the certificate must be shown on the certificate. It is the duty of the holder to notify the Division of such liens. Va. Code 46-70.

"Such certificate of title, when issued by the Division showing a lien or encumbrance, shall be deemed adequate notice to the Commonwealth, creditors and purchasers that a lien against the motor vehicle exists and the recording of such reservation of title, lien or encumbrance in the county or city wherein the purchaser or debtor resides or elsewhere is not necessary and shall not be required." Va. Code 46-71.

"If application for the registration or recordation of a lien or encumbrance to be placed upon a motor vehicle, trailer or semi-trailer be filed in the office of the Division in the city of Richmond, Virginia, within ten days from the date of such applicant's purchase of such motor vehicle, trailer, or semi-trailer, it shall be as valid as to all persons, whomsoever, including the Commonwealth, as if such registration had been done on the day such lien or encumbrance was acquired." Va. Code 46-72. The person who has the first lien on the vehicle is required to hold the certificate of title. Va. Code 46-74. A levy made by virtue of an execution on a motor vehicle for which a certificate of title has been issued constitutes a lien subsequent to liens theretofore recorded by the Division. Va. Code 46-77.

Plaintiff contends that since a certificate of title had issued showing its lien on the motor vehicle registered in the name of Walter Hubbard, no sale or other act by him or Samuel Hubbard could defeat its lien. *Nationwide Insurance Co. v. Storm, supra.*

The evidence does not necessarily lead to the conclusion that the parties contemplated a sale to C & B at South Hill. The evidence is fairly susceptible of the interpretation that the parties, recognizing that Samuel Hubbard acquired no title when he gave his worthless check at Louisburg and since Walter Hubbard knew Samuel had no title, they surrendered the car to C & B without requiring C & B, the owner, to reclaim its property by judicial process.

It is settled law in this State that a purchaser who gives a worthless check for purchase of merchandise does not acquire title thereto even though the purchased article is then delivered. The seller may retake his property. *Carrow v. Weston,* 247 N.C. 735, 102 S.E. 2d 134; *Wilson v. Finance Co.,* 239 N.C. 349, 79 S.E. 2d 908; *Motor Co. v. Wood,* 237 N.C. 318, 75 S.E. 2d 312; *Weddington v. Boshamer,* 237

Bank v. Rich.

N.C. 556, 75 S.E. 2d 530. The law as declared in our decisions is not peculiar to North Carolina. *Young v. Harris-Cortner Co.*, 54 A.L.R.; 516; Annotations 31 A.L.R. 578; 46 Am. Jur. 613.

Hubbard's title must be determined by the laws of this State. *Motor Co. v. Wood, supra; Price v. Goodman*, 226 N.C. 223, 37 S.E. 2d 592; *Holt Motors v. Casto*, 67 S.E. 2d 432.

It is equally well settled that an owner who parts with possession of personalty and invests the possessor with indicia of ownership may, as against those who in good faith rely on such evidence of title, be estopped to assert his rightful ownership. *Wilson v. Finance Co., supra; General Motors Acceptance Corp. v. Davis*, 18 A.L.R. 2d 808; *Superior Finance Co. v. American Security Co.*, 25 N.E. 2d 256.

C & B, when it delivered possession of the automobile to Hubbard, also gave him an authorization to obtain a certificate of title free of encumbrances. Possession of the motor vehicle, accompanied by these documents, was, we think, sufficient to justify one without knowledge of Hubbard's defective title because of purported payment by worthless check, to make a loan to Hubbard secured by mortgage on the automobile. C & B would be estopped to contest validity of such a lien.

There is evidence in the record that C & B notified the Division of Motor Vehicles of its asserted rights. There is also evidence that only a portion of the amount claimed by plaintiff represented a current loan to Hubbard. Plaintiff had the burden of showing facts sufficient to estop C & B, but the fact that C & B might be estopped is not, we think, necessarily determinative of the rights of defendant Rich. He, of course, has the burden of proving that he is innocent purchaser for value without notice of the estoppel which plaintiff could assert against C & B. The evidence sufficed to impose a duty on the judge to inform the jury as to Rich's rights, if in fact he was an innocent purchaser for value.

Would Rich, a purchaser for value without notice of facts which estopped C & B to deny plaintiff's lien, be bound by that estoppel? The answer is no. The estoppel is limited to the party whose conduct induces a third party to act to his detriment. It does not bind strangers.

Remarkably similar to the facts in this case is the English case of *Richards v. Johnston*, 157 Eng. Rep. 1000. There one Martin, owner of household furniture, informed Richards that the furniture was the property of Hord. Relying on the assurance so given, Richards made a loan to Hord and took a bill of sale to secure the advance so made. Thereafter Johnston, who had sold the furniture to Martin, obtained a judgment against Martin. Execution issued on the judgment. A levy was made on the furniture. The question for decision was: Who had the superior title, Richards, who relied on Martin's assurance that Hord

was the owner, or the judgment creditor claiming under the levy against Martin? The court adjudged the lien of the levy had priority. *Pollock,* C.B., said: "(A) sheriff who comes to seize the goods of a debtor armed with a writ of execution in favor of a creditor, is not bound by estoppels which might have prevented the debtor himself from claiming the goods." *Thornton v. Ferguson,* 67 S.E. 97; *Thornburg v. Burden,* 113 N.E. 2d 683; *Inter-Mountain Coal & Lumber Co. v. Lewis,* 197 S.W. 2d 438; *Benson v. Morse,* 109 N.Y.S. 2d 57; 19 Am. Jur. 815; 31 C.J.S. 401; 3 Pomeroy, Equity Jurisprudence, 5th ed., sec. 813.

Had the automobile remained in Virginia, a levy on 10 September 1957, the date Rich purchased, pursuant to an execution against Walter Hubbard would have taken priority over plaintiff's mortgage because it was not then recorded as required by Va. Code 46-72, 77. *Maryland Credit F. Corp. v. Franklin Credit F. Corp.* (Va.), 180 S.E. 408; *C.I.T. Corp. v. W. J. Crosby & Co.* (Va.), 7 S.E. 2d 107; *Finance Corp. v. Hodges,* 230 N.C. 580, 55 S.E. 2d 201.

But the automobile did not rest in Virginia. It was brought back to North Carolina for sale and use here. When so returned it became subject to our laws requiring registration of liens. *C.I.T. Corp. v. W. J. Crosby & Co., supra; Finance Co. v. O'Daniel,* 237 N.C. 286, 74 S.E. 2d 717; *Bank v. Ramsey,* 252 N.C. 339, 113 S.E. 2d 723.

To afford purchasers of personal property in this State protection against liens created in some other State, the Legislature enacted what is now G.S. 44-38.1. That statute provides in part:

"(b) When personal property covered by a deed of trust, mortgage or conditional sale contract is brought into this State from another and acquires a situs in this State, such encumbrance is valid prior to registration in this State as against lien creditors of, or purchasers for valuable consideration from, the grantor, mortgagor or conditional sale vendee only upon fulfilling all of the following conditions:

"(1) That such encumbrance was properly registered in the state where such property was located prior to its being brought into this State; and . . .

"(3) That such registration in this State in any event takes place within four months after encumbered property has been brought into this State."

If defendant's evidence is true the automobile was returned to North Carolina on 5 or 6 September. Plaintiff's evidence established its lien had not then been recorded in Virginia. It has never been recorded in North Carolina.

Plaintiff asserts statute (44-38.1) could afford no protection to a purchaser for value from C & B because it was not plaintiff's "grantor,

mortgagor or conditional sale vendee" and only those who purchased or claimed immediately from Hubbard as mortgagor could be protected. Such a construction of the statute would, in our opinion, unreasonably restrict the language used and thwart legislative intent.

Because of the failure of the court to properly instruct the jury with respect to the rights of the defendant Rich, there must be a

New trial.

PARKER, J., concurs in result.