# Wytheville

MARYLAND CREDIT FINANCE CORPORATION V. FRANKLIN
CREDIT FINANCE CORPORATION, ET ALS.

June 13, 1935.

Present, All the Justices.

The opinion states the case.

*H. Ames Drummond,* for the appellant.

*Ames & Ames,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

The object of this suit is to determine the priority of the respective liens claimed by appellant and appellee against one Chevrolet truck purchased by Ira J. Webb. The cause was heard on the bill and answer and agreed statement of facts.

On the 18th of October, 1933, Webb purchased the truck in question and made application to appellant to finance the purchase thereof in the sum of $1,020. On the same date Webb made application to the Division of Motor Vehicles of the State for a certificate of title covering the truck, and set forth in the application that he was indebted to appellant in the above named sum. On November 1, 1933, there was issued to Webb by the Division of Motor Vehicles a certificate of title for the truck, which failed to show a lien thereon in favor of appellant. License tags were issued to Webb and the truck put into use. Subsequently the Division of Motor Vehicles recalled the title issued and on the 9th day of November, 1933, a certificate of title was issued showing a lien in favor of appellant.

After the purchase of the truck by Webb on October 18th, to-wit, on the 25th day of October, appellee recovered a judgment against Webb in the sum of $571.86, and on the same day an execution was issued thereon and placed in the

hands of the sheriff, who, by virtue of the execution, levied on the Chevrolet truck. Pursuant to statute, appellant executed a suspending bond and instituted this suit to have the priority of liens determined.

Upon the hearing, the court adjudged that the lien of appellee was superior to the lien of appellant and directed a sale of the property. The correctness of that holding, it is conceded, depends upon the proper construction of section 2154 (64), subsection (b) of the Code Supp. 1932 (Acts 1932, chapter 342, page 622). The pertinent part of the section is as follows:

"The division upon receiving an application for a certificate of title to a motor vehicle, trailer or semi-trailer, showing liens or encumbrances upon said motor vehicle, trailer or semi-trailer, shall, upon issuing to the owner thereof a certificate of title therefor, show upon the face of the certificate of title all liens or encumbrances disclosed by such application. All such liens or encumbrances shall be shown in the order of their priority, said priority being according to the information contained in such application.

"Liens or encumbrances placed on motor vehicles, trailers, or semi-trailers by the voluntary act of the owner after the original issue of title to the owner must be shown on said certificates of title. In such cases, the owner shall file application with the division on a blank furnished for that purpose, setting forth the said lien or liens and such information in connection therewith as the said division may deem necessary, and the division, if satisfied that it is proper that the same be recorded, and upon surrender of the certificate of title covering said motor vehicle, trailer or semi-trailer, shall thereupon issue a new certificate of title showing said liens or encumbrances in the order of their priority, said priority being according to the date of the filing of said application for same. For the purpose of recording such subsequent lien, the director may require any lien holder to deliver to the director the said certificate of title; upon issuing the said new certificate it shall thereupon be sent or

delivered to the said lien holder from whom the prior certificate was obtained.

"Said certificate of title of such motor vehicle, trailer or semi-trailer shall be delivered to the person, firm or corporation holding the first lien or encumbrance upon said motor vehicle, trailer or semi-trailer and retained by him or them until the entire amount of his or their lien is fully paid by the owner of said motor vehicle, trailer or semi-trailer, when the same shall be delivered to the next lien holder, and so on, and if none, then to the owner of said motor vehicle, trailer or semi-trailer. Said certificate of title, when issued by the division showing a lien or encumbrance, shall be deemed adequate notice to the Commonwealth, creditors and purchasers that a lien against the motor vehicle exists and the recording of such reservation of title, lien or encumbrance in the county or city wherein the purchaser or debtor resides or elsewhere is not necessary and shall not be required, and motor vehicles, trailers or semi-trailers registered under this act shall not be subjected to, but shall be exempt from the provisions of sections fifty-one hundred and eighty-nine and fifty-two hundred and twenty-four of the Code of Virginia, as amended, nor shall recordation of such lien in any other place for any other purpose be required and shall have no effect. Provided that if such registration of a lien or encumbrance upon a new motor vehicle, new trailer or new semi-trailer be done within ten days from the time application for certificate of title for same has been received by the division, it shall be as valid as to all persons whomsoever including the Commonwealth as if such registration had been done on the day such lien or encumbrance was acquired."

 The statute, in our opinion, is plain and unambiguous. The key sentence in the section is this: "Said certificate of title when issued by the division showing a lien or encumbrance, shall be deemed adequate notice to the Commonwealth, creditors and purchasers." It follows, therefore, that when a certificate of title is issued which fails to show a lien or encumbrance, it is notice to the world

that the property is free from any lien or encumbrance, and if transferred to a *bona fide* purchaser the latter would obtain a good title. There being no lien of record as required by statute, an execution creditor stands in the same situation as a *bona fide* purchaser without notice.

It is patent on the face of the record that on the day the lien of appellee was acquired, no certificate of title showing a lien or encumbrance in favor of appellant had been issued. It further appears there was no recorded lien against the truck in the county of Accomac or in the Division of Motor Vehicles.

 It was the intention of the legislature to provide for a simple means for the ascertainment of liens against motor vehicles. Instead of requiring a creditor or purchaser to look for liens against motor vehicles in many places, perhaps, the fact that such liens exist can be established by looking in the one place designated by the statute.

There is no error in the decree complained of and it will be affirmed.

*Affirmed.*