SCHIEFER, APPELLANT, *v.* SCHNAUFER ET AL., APPELLEES.

(No. 3505—Decided January 13, 1943.)

*Messrs. Hamilton & Kramer,* for appellant.
*Messrs. McGhee, Rowe & Evans,* for appellee, Paul R. Fetzer.

GEIGER, P. J.  This is an appeal on questions of law and fact from the judgment order of the Court of Common Pleas.  It is agreed by counsel that the evidence and exhibits, appearing in the bill of exceptions filed herein, together with the original papers, shall be submitted to this court for a decision of the questions involved.

The petition of Chester Schiefer of Ft. Wayne, Indiana, alleges that on the 11th of July 1940, by the consideration of the Superior Court of Allen county of the state of Indiana, a judgment was rendered in his favor against Al Schnaufer of Ft. Wayne, Indiana, in the sum of $305 and for foreclosure of a certain mechanic's lien against an automobile known as a Lincoln-Zephyr sedan; that the mechanic's lien had been filed for record on the 2nd day of January 1940, in the recorder's office of Allen county, Indiana, within the period provided by law after the furnishing of certain

repairs thereon; that the action in Allen county was commenced on the 20th day of January 1940, and that the defendant Schnaufer was served and appeared at the trial; that the judgment ordered foreclosure of the mechanic's lien and the sale of the car, and the order of foreclosure of the mechanic's lien is still in full force; that the amount found due by the Indiana court has not been paid; that the plaintiff has an unsatisfied lien against the automobile; and that the automobile has since been transferred to the defendant Paul R. Fetzer of Columbus, Ohio, who now has the automobile in his possession.

The petition sets forth the pertinent statutes of the state of Indiana, which we note briefly as providing for a mechanic's lien on an automobile upon which work and labor has been done; that one desiring to acquire such lien shall file in the recorder's office of the county a notice of his intention to hold a lien upon such automobile; that such notice shall be recorded; and that an action for foreclosure of the lien must be brought within one year.

Plaintiff asks judgment for $305 and prays that the mechanic's lien be foreclosed and be held to constitute a first lien against the automobile which the plaintiff prays may be sold to satisfy the lien.

The defendant Fetzer files an answer alleging three defenses: In the first, he admits that he has in his possession the automobile described and denies all other allegations.

As a second defense, he alleges that on the 8th day of May 1940, for a valuable consideration, and in good faith he purchased the automobile from the S. & S. Motors, Inc., in Columbus, and that he obtained from such company an Ohio certificate of title to such automobile, and that there were no liens or encumbrances noted on the certificate when the automobile was sold and delivered to him; that the certificate was duly filed

in the office of the clerk of Franklin county and was executed as provided by Sections 6290-2 to 6290-17, inclusive, General Code; that by reason thereof he alleges that he has the legal title to the automobile free and clear of any and all claims, including the plaintiff's; that he did not know of any lien or claim thereto on the automobile by plaintiff at the time of the purchase; and that he is an innocent purchaser for value.

As his third defense he asserts that the relief prayed for is the foreclosure of a mechanic's lien under the laws of the state of Indiana; that the petition alleges an action was filed for foreclosure of such lien in the Superior Court of Allen county, Indiana; that judgment was had for the foreclosure between the plaintiff and the defendant Al Schnaufer; that plaintiff alleges said judgment is in full force and effect, and it is asserted by reason thereof the lien for which the foreclosure is asked has been fully and completely adjudicated; that the court is without further jurisdiction to readjudicate the matters alleged in the petition; and that it is without jurisdiction to foreclose on such mechanic's lien.

The cause coming on for hearing upon the petition was submitted to the court and on consideration the court found for the defendant and dismissed the plaintiff's petition, the finding of the court being filed on May 18, 1942.

A motion for new trial was filed, overruled, and notice of appeal given on questions of law and fact.

The court below filed an opinion which is instructive. The record below discloses that Schnaufer became the owner of the automobile on February 13, 1939, and while he owned it in Indiana, the plaintiff Schiefer performed certain work and labor and furnished material for repairing the car; that he filed notice of mechanic's lien in the proper office, and that on January

20, 1940, plaintiff filed a suit to foreclose the lien in the Indiana court, seeking a judgment in the amount of $305 and foreclosure of the lien.

The evidence further disclosed that while the action was pending in Indiana Schnaufer sold the car to the Bryan Motor Sales Company of Bryan, Ohio, on the 27th of February 1940; that on February 28th an Ohio certificate of license was issued to the Bryan Motor Sales Company, which certificate showed no liens against the title; that at the time of the sale of the car to the Bryan Motor Sales Company the Indiana certificate of title in the name of Al Schnaufer showed only a lien to the Auto Investment Corporation of Indianapolis, which the Bryan Motor Sales Company paid and secured an assignment to it of a clear title enabling it to secure the clear Ohio title; that the car was afterwards sold by the Bryan Motor Sales Company to the S. & S. Motors, Inc., Columbus, on the 13th of March 1940; and that that company secured a clear certificate of title and on April 10, 1940, the defendant Fetzer bought the car from the S. & S. Motors, Inc., for $500 and received an Ohio certificate of title, which recited that the car was free from liens. On July 11, 1940, the plaintiff secured a judgment against Schnaufer in Indiana.

Exhibits are filed showing appropriate statutes in Indiana, and the notices that were given required by the Indiana statute. The transcript of the judgment rendered by the Superior Court of Allen county, Indiana, merely recites in tabulated form that a judgment was rendered against defendant for $305 and costs. Nothing is said in such entry in relation to the foreclosure of the mechanic's lien.

The several certificates of title issued by the Department of Highways of Ohio, Bureau of Motor Vehicles, show, first, a certificate that the Bryan Motor Sales Company is the owner of the car, having ac-

quired title to the same from A. D. Schnaufer. That certificate makes no statement of any claimed lien. The next certificate is to the effect that the S. & S. Motors, Inc., Columbus, is the owner of the car, having bought the same from the Bryan Motor Sales Company of Bryan, Ohio. This certificate shows a lien of a chattel mortgage for $500 held by the National Guarantee & Finance Company of Columbus. The final certificate issued by the Bureau of Motor Vehicles of Ohio showed that Paul R. Fetzer is the owner of the car, having acquired the same from the S. & S. Motors, Inc., Columbus, Ohio. No liens are shown by this certificate.

The question for the decision of this court is whether the plaintiff, a mechanic servicing the car in Indiana, and securing a judgment by the consideration of the Indiana court for $305, with no mention by the court of the foreclosure of a lien, is entitled to sell the automobile now owned by Fetzer of Columbus, Ohio, he having acquired it through a chain of title which showed no liens except the $500 mortgage from the Bryan Motor Sales Company to the National Guarantee & Finance Company, which mortgage has been paid.

It is claimed by plaintiff Schiefer that under the Constitution of the United States the court in Franklin county must give full faith and credit to the judgment of the court of Indiana.

On the other hand, it is claimed that the transcript of the judgment from the Indiana court does not show an order of sale of the automobile or foreclosure of the lien; that the money judgment secured in Indiana was rendered after the car had been taken by Schnaufer from the state of Indiana and, through chain of title, reached the defendant in this case. The statutes of Ohio relating to certificates of title may be found in Section 6290-2 *et seq.*, General Code. Section 6290-3, General Code, provides in substance that no person shall sell or dispose of a motor vehicle without deliv-

ering to the purchaser a certificate of title with such assignment thereon as may be necessary to show title in the purchaser, nor purchase or otherwise acquire a motor vehicle unless he shall obtain a certificate of title in accordance with the provisions of the statute. Section 6290-4, General Code, under the heading, ''Certificate of title is evidence of ownership; courts must recognize,'' provides in substance: No. person acquiring a motor vehicle from the owner shall acquire any right or interest in or to said vehicle until he shall have had issued to him a certificate of title to said vehicle, or delivered to him a manufacturer's or importer's certificate for the same. ''No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle * * * unless evidenced by a certificate of title * * *.''

The court below took the position that, the transcript of the judgment of the Indiana court not showing there was an order foreclosing the lien, and further, the facts disclosing that at the time of the rendition of the judgment on July 11, 1940, and later, when proceedings were attempted on September 6, 1940, the defendant no longer owned the car but it had been sold three times in the state of Ohio, there was no valid lien by virtue of the Indiana judgment. The court arrived at the conclusion that the question at issue was fully met and answered by the statute establishing a certificate of title, especially referring to *Union Commercial Corp.* v. *R. J. Schmunk Co.* (Eighth Appellate District), 30 Ohio Law Abs., 116, and for the reason given the court rendered judgment in favor of the defendant.

Section 6290-4, General Code, being effective on January 1, 1938, it seems rather strange that there should not be more authoritative decisions than we have been able to find touching a situation that might frequently bring into conflict the rights of those hold-

ing mechanics' liens or other liens, valid in the state where acquired, against the certificate of a clear title issued by the state of Ohio. We can not say that under the full faith and credit provision of the Constitution, the state of Ohio may not provide what shall· be an effective certificate of clear title, protecting car owners within the state against not only adverse liens sought to be shown by other residents of the state, but protecting them against adverse liens and judgments of a sister state.

*State, ex rel. City Loan & Savings Co.,* v. *Taggart,* 134 Ohio St., 374, 17 N. E. (2d), 758, holds:

"The 'certificate of title law' relating to motor vehicles and embracing Sections 6290 to 6290-17, inclusive, General Code, constitutes an authorized exercise of police power on the part of the General Assembly and does not violate any of the provisions of the state or federal Constitution."

This decision would seem to protect the law against an attack made by a nonresident of the state on the ground that it does not give full faith and credit to a decision of a sister state.

*Union Commercial Corp.* v. *R. J. Schmunk Co., supra,* is the case referred to by Judge King of the Common Pleas Court, and it is well considered and seems to be logical. The evidence in that case· discloses the fact that in 1936 a car was purchased from a motor car company, which was a New York automobile dealer. In part payment of the purchase price the dealer was given a note and received the conditional sales contract which was duly filed in accordance with the laws of New York. Sometime in 1937, Welikson, the purchaser of the car in New York, came to Ohio and there secured through misrepresentation, the issuance of a certificate of title, and afterwards proceeded to sell the car, together with the certificate of title to the defendant in that case. The New York company, as-

certaining that such sale had been made, brought an action in replevin against the party who had purchased the car. The Court of Appeals speaking through Morgan, J., examined the statute with great care. The pertinent syllabus of the case is as follows:

1. "Where there are two claimants to a motor vehicle, the one who has the certificate of title issued by the clerk of courts of the proper county will be protected against a rival claimant, under the first paragraph of Section 6290-4, General Code.

2. "The last sentence of Section 6290-4, General Code, providing that 'no court in any case at law or in equity shall recognize the right, title, claim or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued in accordance with the provisions of this chapter' is clear and unequivocal, and applies but for the one exception in Section 6290-9, General Code, as to encumbrances filed under Sections 8560 to 8572, General Code, prior to the effective date of the Certificate of Title Act.

3. "A conditional sales contract executed between residents of another state on an automobile and recorded there, but not filed in Ohio under Sections 8560 to 8572, General Code, does not come under the exception in Section 6290-9, General Code.

4. "The recognition and enforcement of rights created in another state on the principle of comity is a matter of courtesy and cannot be claimed as a right.

5. "A conditional sales contract on an automobile executed between residents of another state and recorded there, but not filed in Ohio will not be enforced in Ohio on the principle of comity as against a *bona fide* purchaser of the car who relied upon a certificate of title containing no notation of such conditional sales contract, where to do so would contravene the clear and unequivocal policy of the Certificate of Title Law."

Morgan, J., speaks on page 120 in substance: In this case the plaintiff having no certificate of title and having no legal or conditional sale contract recorded in Ohio is seeking to have the court "recognize" his "right" and his "interest" in this automobile in the face of the plain provision of Section 6290-4, General Code, that this court shall not recognize the plaintiff's "right" or "interest" in any automobile sold and disposed of after January 1, 1938, "unless evidenced by a certificate of title." The judge points out that inasmuch as there was no notation of the plaintiff's conditional sales contract on the certificate of title, it is clear that the interest of the plaintiff in this automobile was not evidenced by a certificate of title as required by the statute. The language of the statute is that on such a state of facts, the right or interest of the plaintiff shall not be recognized by this court.

In *Maryland Credit Finance Corp.* v. *Franklin Credit Finance Corp.*, 164 Va., 579, 180 S. E., 408, the Supreme Court of Virginia, having before it the question of whether the lien of the appellant finance company or the judgment and levy of execution of the appellees was to be preferred, held that when a certificate of title to a motor vehicle is issued which fails to show a lien or encumbrance it is notice to the world that the property is free from any lien or encumbrance, and if transferred to a bona fide purchaser, the latter would obtain a good title.

The plaintiff in the case at bar brings an action by which he seeks to have a lien, acquired by virtue of certain statutes of Indiana, foreclosed. The defendant answers that he has a clear chain of title. The court below was practically foreclosed by the provision of Section 6290-4, General Code, "No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle * * * unless evidenced by a certificate of title * * * ."

The plaintiff in the case at bar has no certificate of any kind, except the transcript of the judgment of the court of Indiana. The defendant, on the other hand, has a certificate of immunity from liens following all the way along a chain of title by which he acquired property. It is probable that the Supreme Court of this state will be called upon to determine what the rights may be between one holding a clear certificate of title under the Ohio law and one having a lien under the laws of a sister state, yet until that situation arises we are content to follow the provisions of Section 6290-4, General Code, as interpreted by the Court of Appeals of the Eighth Appellate District, in *Union Commercial Corp.* v. *R. J. Schmunk Co.*, supra.

*Judgment-for appellee.*

BARNES and HORNBECK, JJ., concur.