## CIRCUIT COURT OF ARLINGTON COUNTY

First Virginia Bank

v.

Joe Heishman's Porsche-Audi, Inc.

June 22, 1978

Case No. (Law) 20007

By JUDGE CHARLES H. DUFF

The issue presented by the pleadings and the evidence taken at trial is the legal effect of the language appearing on the back of the First Virginia Bank's cashier's check payable to Nick and Anna Castanes and Joe Heishman's Porsche Audi, Inc., as follows:

> The endorsement of this Cashier's Check by the payee constitutes an obligation to the First Virginia Bank that the payee will record a first lien in favor of the First Virginia Bank Northern Virginia on one 1976 Audi Fox 4-Door Sedan to be manufactured from Invoice # 05673. Title in the name of Nick Castanes. In the amount of $5,425.56. Secured by Security Agreement. Date March 31, 1976.

Plaintiff contends that upon endorsement of the check as payee, the Defendant was under an affirmative obligation to record a first lien in favor of the Bank on a title in the name of Nick Castanes. Defendant asserts that it delivered to the Bank a Manufacturer's Certificate of Origin of the vehicle with the lien information typed on the back thereof. It argues that the Certificate of Origin was, in effect, a title, i.e. written evidence

of ownership, and that whatever contractual obligation it incurred as endorsee was thus satisfied.

I have carefully considered the evidence taken at trial and the exhibits received, and am of the opinion that the position of the Bank must be sustained. Upon endorsement as payee, the Defendant agreed to comply with the conditions appearing above its endorsement. One of those conditions was that a first lien would be recorded on a title in the name of Nick Castanes. The word "title" refers to a Certificate of Title issued by the Division of Motor Vehicles. See Sec. 46.1-41, *et seq.*, Code of Virginia, 1950. A lien not recorded on a Certificate of Title is junior to one so recorded. See *Maryland Credit Finance Corp.* v. *Franklin Credit Finance Corp.*, 164 Va. 579 (1935), and *CIT Corp.* v. *Crosby and Company*, 175 Va. 16 (1940). While the Certificate of Origin is indeed evidence that the property interest in the vehicle was transferred to Nick Castanes by the manufacturing corporation, it did not purport to be a "title" as the term was used in the endorsement and in the statutes of the Commonwealth.

There were various conflicts in the evidence as to the date of delivery of the Certificate of Title to the Bank, etc. These have been carefully considered but do not militate against the opinion expressed above. Defendant's claim of estoppel, while arguable, has not been sustained by a preponderance of the evidence, in my opinion.

Plaintiff, however, has received certain payment on the obligation; there presently exists a balance of $3,656.82, with interest from February 20, 1977. As the action proceeded as one for breach of contract based upon the obligation of the endorsement, the measure of damages is determined as the amount due on the loan, namely $3,656.82.

If Mr. Reese will prepare a Judgment Order in that amount, with interest from February 20, 1977, and costs, and forward the same to Mr. O'Donnell for his endorsement as to form and the preservation of exceptions as desired, it will be promptly entered.