In re Delores Nina ROBINSON, Bankrupt.

CENTRAL FIDELITY BANK, N. A., Plaintiff,

v.

Watson M. MARSHALL, Trustee in Bankruptcy, and Delores Nina Robinson, Defendants.

Bankruptcy No. 79–01418.

United States Bankruptcy Court, E. D. Virginia, Richmond Division.

Aug. 3, 1981.

Robert D. Perrow, Wallerstein, Goode & Dobbins, Richmond, Va., for plaintiff.

William C. Parkinson, Jr., Richmond, Va., for bankrupt/defendant.

Robert A. Canfield, Richmond, Va., for trustee/defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon a filing of a Complaint by Central Fidelity Bank, N.A., by counsel, to determine the validity of a lien on a 1976 Pontiac Lemans automobile. Upon the filing of Answers by the Trustee in Bankruptcy and the Bankrupt, Defendants herein, and upon the joint motion of all parties to submit the case to the Court upon stipulations of fact and memoranda of law, and upon the receipt of said stipulations and memoranda of law, the Court makes the following determination.

## STATEMENT OF THE FACTS

On August 6, 1976, Delores Nina Robinson (Bankrupt) purchased a new 1976 Pontiac Lemans automobile (automobile) and entered into an installment sales contract with the dealer to finance the purchase of the automobile. The installment sales contract was assigned to Central Fidelity Bank, N.A. (Bank) in the ordinary course of the business. On August 18, 1976, the Virginia Division of Motor Vehicles (D.M.V.) issued a certificate of title reflecting a lien in favor of the Bank in the amount of $7,590.24 as of August 6, 1976.

Subsequently, the Bankrupt applied to Blazer Financial Services (Blazer) for a loan, which application was approved upon

condition that a second lien in the amount of $812.03 be placed upon the automobile. On February 3, 1977, the Bank sent to Blazer the certificate of title for the purpose of recording the second lien in favor of Blazer. The Bank sent the title to Blazer marked as follows:

"LIEN SATISFIED

This lien released for purpose of transfer only—New title to bear same date and same lien

Date: February 3, 1977

Central Fidelity Bank, N.A.

BY _____"

It was not until December 19, 1978, that D.M.V., at the request of Blazer, issued a certificate of title reflecting Blazer's lien. The certificate of title, however, reflected Blazer as the holder of a first security interest in the amount of $812.03, dated December 12, 1978, and omitted any reference to the Bank's security interest in the automobile. The certificate of title was then forwarded by D.M.V. to Blazer.

In April of 1979, for reasons unknown to the Court, the Bank paid Blazer the unpaid balance of the loan it had made to the Bankrupt and was assigned the lien on the certificate of title. In September of 1979, the Bankrupt defaulted in her payments under the original installment sales contract assigned to the Bank by the dealer. On September 28, 1979, Bankrupt filed a Voluntary Petition in Bankruptcy under Chapter VII of the Bankruptcy Act of 1898, as amended. At that time, the unpaid balance on the installment sales contract with the Bank was $3,023.69. The fair market value of the automobile as of the date of filing was $2,200 or less.

This Court finds that on the date of the filing of the Bankrupt's petition, there was but one lien in the amount of $812.03 reflected on the certificate of title in favor of Blazer, which according to the stipulations had been assigned to the Bank.

On November 20, 1979, subsequent to Bankrupt's filing of her Petition in Bankruptcy and at the request of the Bank, D.M.V. issued a new certificate of title showing the Bank as a holder of a first security interest in the automobile in the amount of $7,590.24 by security agreement dated August 6, 1976.

## CONCLUSIONS OF LAW

The issue for the Court's determination is whether the Bank has a valid security interest in the automobile superior to that of the interest of Trustee. For the reasons which follow, it is the Court's determination that the interest of the Trustee in the automobile is superior to that of the Bank's lien in the amount of $7,590.24, but inferior to the lien assigned to the Bank by Blazer in the amount of $812.03.

From the facts delineated above, the following conclusions can be drawn. Immediately after the purchase of the automobile, the Bank duly perfected its security interest in the automobile by noting its lien on the certificate of title. In February of 1977, the Bank forwarded the title to Blazer to enable Blazer to record its second lien on the certificate. In doing so, however, the Bank marked the lien as satisfied "for purpose of transfer only". There was to be no transfer of the title, however, and D.M.V. responded to the notation by the issuance of a new certificate of title reflecting only the lien of Blazer. It was not until December 19, 1978, that D.M.V. issued a new certificate of title. No explanation for the delay has been produced; no concern of the Bank over the time span has been evidenced. Further, it was not until April of 1979, over two years subsequent to the relinquishing of the title certificate to Blazer, that the Bank took any action concerning the title. It was then that the Bank paid Blazer the unpaid balance of the Bankrupt's account with Blazer and was assigned its lien.

The Bank first argues that it complied with the applicable statutes in perfecting its lien, that it has been a victim of an error of D.M.V. and should thus prevail on equitable grounds. In support thereof, the Bank cites several cases holding that where the creditor has taken all necessary steps to properly perfect its lien prior to bankrupt-

cy, any delay or error on the part of D.M.V. will not be held against or invalidate what would otherwise be a properly perfected lien. *In re Smith*, 256 F.Supp. 844 (E.D.Va. 1966) *rev'd General Motors Acceptance Corp. v. Smith*, 377 F.2d 271 (4th Cir. 1967); *In re Humphries*, 1 B.R. 82 (Bkrtcy.D.Utah 1979). This Court finds these cases to be an accurate representation of the law, however, they are distinguishable from the present case. The question presented in the above-cited cases was whether the receipt of the application or the actual issuance by D.M.V. of the certificate of title was the applicable date of perfection. In this case, there is no question as to the validity of the Bank's lien as originally noted on the certificate of title. It was only when the Bank forwarded the title to Blazer with the notation that the lien was satisfied for "the purpose of transfer only" that any question as to the Bank's perfected lien arose. The Court, therefore, finds that it was the Bank's action in noting on the certificate of title that the lien was satisfied which precipitated the instant controversy. For this the Court finds the Bank culpable.

The Bank next argues that the Trustee does not have the status of a bona fide purchaser for value, but stands generally in the shoes of the Bankrupt and takes property subject to equities existing against the Bankrupt. In this regard, it relies on *Janney v. Bell*, 111 F.2d 103 (4th Cir. 1940)[1]. The *Janney* case does indeed stand for the above-stated proposition, however, the *Janney* case was based upon § 70(c) of the Bankruptcy Act (11 U.S.C. § 110) prior to the revisions of 1950. Prior to 1950, the trustee was vested with all the rights, remedies and powers of a creditor holding a lien on property by legal or equitable proceedings *only as to the property in the possession or under the control of the bankrupt at*

*the date of bankruptcy.* The *Janney* court held that the bankrupt's voluntary act of relinquishing possession of the property to the third party removed the automobile from the possession or control of the bankrupt. Accordingly, the trustee did not have the status of a lien creditor. The court then concluded that the unperfected lien of the third party by virtue of its chattel mortgage was superior to the unperfected lien of the trustee under the provisions of § 70(c).

This Court finds no conflict with the above case. The Bank originally had a perfected lien on the automobile. By its own actions, however, it allowed its lien to be released and thus caused its lien to become unperfected. From that point forward, this unperfected security interest would be superior only to subsequent, unperfected security interest in the property, but not as to perfected liens. The revision of the Bankruptcy Act in 1950 placed the trustee in bankruptcy in the position of an ideal lien creditor with respect to all the bankrupt's property regardless of whether it was in the possession or control of the bankrupt at the time of the filing. *See*, H.R.Rep.No.1293, 81st Cong. 1st Sess. 4, 7 (1949). It is clear, therefore, that the Trustee, as an ideal lien creditor, has an interest in the automobile superior to the unperfected lien of the Bank. *See, Maryland Credit Finance Corp. v. Franklin Credit Finance Corp.*, 164 Va. 579, 180 S.E. 408 (1935).

On the date of filing of the petition, there was a lien noted on the certificate of title in favor of Blazer in the amount of $812.03. The stipulations indicate that this lien was assigned to the Bank in April of 1979. While the Trustee and the Bankrupt argue in their briefs that the $812.03 lien was marked as satisfied, there has been no stipulation or other evidence to this effect.[2]

---

1. In that case, the bankrupt executed a chattel mortgage on his automobile in favor of a third party. During those times, as now, to properly perfect a security interest in automobiles, the lien had to be evidenced on the face of the certificate of title. This had not been done. Upon default, that bankrupt voluntarily surrendered the automobile to the third party to satisfy the unpaid balance on the loan. The bankrupt subsequently filed its petition in bankruptcy and the issue arose as to the priority and validity of the unrecorded chattel mortgage vis-a-vis the avoiding powers of the trustee.

2. The Court notes that a certificate of title concerning the automobile of the Bankrupt was appended to a Complaint for Recovery of Property filed by the Bank in an earlier adversary

The Bank also argues that the Trustee had constructive notice of the entire records of the D.M.V. and was, therefore, on notice of the security interest of the Bank in the amount of $7,590.24, as well as a second security interest in favor of Blazer in the amount of $812.03, and further that it would be inequitable to find the Bank's lien on the automobile inferior to that of the Trustee. This argument disregards the powers conferred upon the Trustee by virtue of the Bankruptcy Act under § 70(c). While it is clear that this Court is a court of equity, the Court finds on the facts of this case that it was the error of the Bank and the Bank's lack of diligence which contributed to the loss of perfection of its $7,590.24 lien. The Trustee under § 70(c) may avoid any unperfected liens. He has chosen to do so and this Court finds that the interest of the Trustee in the automobile is superior to the $7,590.24 lien of the Bank but inferior to the lien assigned to the Bank by Blazer in the amount of $812.03 which this Court finds from the stipulations constituted a lien on the title at the time of the filing of the bankruptcy petition in this proceeding.

proceeding, however, this certificate of title is not in evidence in the instant proceeding, nor is there any evidence regarding the satisfaction of the Blazer lien before the Court.